# JAMES W. HOGG v. E. CHRISTENSON and L. S. B. Ritchie, as Trustee, Intervener.

## (149 N. W. 562.)

The last day of the thirty-day period for answer expired with Sunday, and the answer was served the following day, but before its service, plaintiff's attorney applied for default judgment, which was ordered the day later, and immediately entered. The answer served on Monday was returned to defendant's attorney as served too late. Levy on execution was made. Before sale thereon defendant moved to vacate the judgment as one wrongfully taken by default over answer served in time. Before said motion was heard, defendant's property was sold on execution sale to third parties, and said judgment of $1,398.50 and costs was satisfied in full. Plaintiff claims (1) that the answer was not served in time, and (2) if served in time the court lost jurisdiction to grant relief by motion, by the satisfaction of said judgment, and that to secure relief, defendant must resort to an action in equity for that purpose. *Held:*

**Service of answer — thirty days expiring on Sunday — may be served on Monday.**

1. Following Styles v. Dickey, 22 N. D. 515, 134 N. W. 702, that the answer was served in time. Section 7324, Comp. Laws 1913, excludes Sunday, the last day of the thirty-day period, from being counted as a part of the thirty-day period for answer, and that the answer served on Monday, the thirty-first day after service of summons, was served within time, and defendant was not in default of answer when judgment was erroneously entered as by default.

**Judgment as by default — execution sale thereunder — motion to vacate — order denying motion — judgment — set aside — trial ordered.**

2. That defendant, not having been in default, was not prejudiced by the execution sale, and on his motion was entitled to a vacation of the judgment, notwithstanding its wrongful satisfaction by execution sale. Both the

---

Note.—The general rule seems to be that under the provisions of statutes excluding Sunday in the computation of time, when it is the last day of a given period, where the last day of a period falls on Sunday it is sufficient if the act is done on Monday. This rule is sustained by the authorities, which are reviewed in notes in 49 L.R.A. 204; 15 L.R.A. (N.S.) 687; and 38 L.R.A. (N.S.) 1162.

As to computation of time generally, see notes in 7 Am. Dec. 250; 46 Am. Rep. 410; and 78 Am. St. Rep. 872.

order denying motion to vacate, and judgment thus attacked, will be set aside and a trial granted.

Opinion filed November 7, 1914.

From an order of the District Court of Barnes County, *Coffey,* J., denying an application to vacate a judgment taken by default, both defendant and intervener appeal.

Reversed.

*Todd & Kerr, Herman Winterer,* and *David S. Ritchie,* for appellants.

Where the thirty-day period allowing a defendant to answer expires on a holiday, he may serve his answer on the first following business day. A defendant so answering is not in default, and a judgment entered against him under such a state of facts should be vacated on motion. 21 Enc. Pl. & Pr. 705; 19 Enc. Pl. & Pr. 603; 31 Cyc. 597, 598; Blackwood v. Cutting Packing Co. 71 Cal. 461, 12 Pac. 493; Fries v. Coar, 19 Abb. N. C. 267; Borst v. Griffin, 5 Wend. 84; Marks v. Russell, 40 Pa. 372; Feuchtwanger v. McCool, 29 N. J. Eq. 151; Womack v. McAhren, 9 Ind. 6; Turner v. Thompson, 23 Ga. 49; Baxley v. Bennett, 33 Ga. 146; Ferris v. Plummer, 46 Hun, 515; Carothers v. Wheeler, 1 Or. 194; M'Kibbin v. M'Clelland [1894] 2 I. R. 654; Bacon v. State, 22 Fla. 46; State v. Beasley, 21 W. Va. 777; Styles v. Dickey, 22 N. D. 515, 134 N. W. 702 and cases cited; Romayne v. Hawkeye Commercial Asso. — Iowa, —, 135 N. W. 735; Kelly v. Independent Pub. Co. 45 Mont. 127, 38 L.R.A.(N.S.) 1160, 122 Pac. 735, Ann. Cas. 1913D, 1063; Ehrhart v. Esbenshade, 233 Pa. 18, 81 Atl. 814; Wilcox v. Engebretsen, 160 Cal. 288, 116 Pac. 750; Elmore v. Fanning, 85 Kan. 501, 38 L.R.A.(N.S.) 685, 117 Pac. 1019; Hendrickson v. Callan, 70 Misc. 342, 128 N. Y. Supp. 980; Delaski v. Northwestern Improv. Co. 61 Wash. 255, 112 Pac. 341; Troy Laundry Machinery Co. v. Drivers' Independent Laundry Co. 13 Cal. App. 115, 109 Pac. 36; Close v. Twibell, 47 Ind. App. 290, 92 N. E. 377; Webb v. Strobach, 143 Mo. App. 459, 127 S. W. 680.

It was an abuse of discretion for the court to refuse to permit the answer to be so made and entered, even though defendant was not in time, because it appears that defendant had a meritorious defense, and

he was not guilty of gross negligence. Styles v. Dickey, 22 N. D. 515, 134 N. W. 702.

*Page & Englert,* for respondent.

The answer was not served within the statutory time. It was returned to defendant's counsel for that reason, such reason being pointed out to said counsel. His failure to act promptly in the matter ought to be deemed a waiver of the defect in securing judgment. He ought to be estopped from pressing the alleged defect. Fluegelman v. Armstrong, 59 Misc. 506, 110 N. Y. Supp. 967.

An application to reopen a judgment should be accompanied not only by an affidavit of merits, but by a verified answer showing a good defense. Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151.

The judgment having been fully satisfied, there was nothing upon which the court could act. The judgment was no longer in existence, and there was no action in which an answer could be filed. Fluegelman v. Armstrong, 59 Misc. 506, 110 N. Y. Supp. 967; Foster v. Hauswirth, 5 Mont. 566, 6 Pac. 19; Skillings v. Massachusetts Ben. Asso. 151 Mass. 321, 23 N. E. 1136; Bank of Upper Canada v. Corbett, 21 U. C. Q. B. 65; Maclay Co. v. Meads, 14 Cal. App. 363, 112 Pac. 195, 113 Pac. 364; Copper v. Galbraith, 24 N. J. L. 219; Davis v. Blair, 88 Mo. App. 372; Alverson v. Alverson, 2 R. I. 27; Enders v. Burch, 15 Gratt. 64; 23 Cyc. 893.

Vested rights now exist in third parties who bought at the execution sale, and they are the ones who would suffer if the judgment were reopened and the execution sale set aside. Under such circumstances the judgment will not be vacated. Foster v. Hauswirth, 5 Mont. 566, 6 Pac. 19; Shepherd v. Marvel, 16 Ind. App. 417, 45 N. E. 526.

Goss, J.    Complaint was served, March 8, 1912. Answer was served on plaintiff's attorney on Monday, April 8, 1912, the last day of the thirty-day period for answer being Sunday. The answer was returned as served too late. On April 8 plaintiff's attorney made the usual affidavit of default and proof of claim, and forwarded the same with pleadings to the district judge, with an application for judgment by default. Judgment was ordered April 9, and entered the next day. Plaintiff's attorney acted in good faith, supposing the time for answer to have expired with Sunday, April 7, and had forwarded proof of the assumed default before the answer was served upon him. The

judgment was for recovery of $1398.50 and costs. The answer denied liability. On April 15 execution levy was made. Notice was given April 23 that execution sale thereunder would be had May 6, upon which date sale was had, and enough of defendant's property was sold to satisfy the judgment to third parties. Two days before the sale, or on May 4, notice of motion to vacate the judgment as one improperly taken in disregard of answer previously interposed was served, noticing hearing for May 13, 1912, in district court chambers at Jamestown. Hearing was not had at the time noticed, but was continued by agreement, and finally had during the July term. Motion to vacate was denied by order of July 20, 1912. From this order defendants appeal, specifying as error that "the court erred in denying the motion to vacate said judgment and set the same aside for the reasons: (a) That the thirty days granted by statute and the summons served in this action had not expired at the time of service of this answer, (b) that an answer was served within time and an issue of fact joined, and a judgment by default would not lie, but that defendant was entitled to a trial of the issues." Error is assigned in accordance with the specifications taken.

The answer was served within time. The last day of the thirty-day period for answer fell on Sunday. Under § 6736, Rev. Codes 1905, § 7324, Comp. Laws 1913, as construed and fully discussed in Styles v. Dickey, 22 N. D. 515, 134 N. W. 702, the last day of the thirty-day period for answer being Sunday, that day is excluded from computation of the period of time within which answer was required. The rule prescribed by statute is applicable in practice matters as well as the calculation of the periods of time within which to make redemption or to do other acts. The authorities are exhaustively reviewed in Styles v. Dickey, written after rehearing had. The rule there adopted is "a universal rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes" providing time limits for performance. That decision had been but recently filed when this judgment was ordered. Counsel for respondent admits that he was then unfamiliar with that precedent. The judgment purporting to have been taken by default, vacation of judgment should have been granted unless other grounds appear for denial of the motion. And as defendant was not in default, whatever was done by plaintiff in procuring judgment and execution sale thereon afterwards was in law

wrongfully done and in disregard of, and in violation of, the rights of the defendant, as to whom no wrongful act of the plaintiff can constitute a foundation for a charge of laches as against defendant. The defendant has at all times been within his legal rights, while the plaintiff has, at all times after the answer imposed, been wholly without any legal right to do what he did. No duty rested upon the defendant to do more than he has done. A duty at all times after answer rested upon plaintiff to desist or proceed at his peril of the consequences.

With this situation confronting him, respondent urges that, because he wrongfully enforced collection by execution, a clear abuse of legal process, he has nevertheless satisfied, even though wrongfully, the judgment he has thus caused to be wrongfully entered, and has therefore devested the court of jurisdiction to vacate said judgment in this action. He contends that defendant must go for relief into a court of equity, and there be relieved from this erroneous judgment wrongfully satisfied. We cannot agree with respondent. The contrary is already the adjudicated rule in this state. Appellant is not seeking to pursue the property sold, nor is he seeking relief against the purchasers at the execution sale, nor the sheriff making the sale. The court in this action is authorized, as between the parties to the original suit, to administer relief, be it legal or equitable. In Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585, on virtually the same contention, the opinion reads: "This familiar remedy by motion [to vacate judgment] is both speedy and economical, and it is also well settled that in granting this relief by motion the courts *will exercise the powers of a court of equity* applicable in administering relief sought in actions of this nature. . . . It is further true that, under the Code procedure, certain statutory provisions such as that embraced in § 5289 [Rev. Codes 1899, later § 6884, Rev. Codes 1905, now § 7483, Comp. Laws 1913] have afforded a remedy by motion as a means of relief against judgments, which, prior to the adoption of the Code, was obtainable only in courts of equity." The necessity of resorting to an action in equity to procure vacation of a judgment is dispensed with, and the court on a motion to vacate may grant relief, even though it be equitable in nature. If an action in equity did not lie to enjoin collection of this judgment (and it would not under the express holding in Kitzman v. Minnesota Thresher Mfg. Co.) because the remedy was by

motion to vacate, instead of by an action in equity, to deny this motion to vacate on the grounds urged would be the equivalent of overruling in effect the Kitzman Case.

The order appealed from is reversed, with direction to the lower court to grant the motion to vacate the district court judgment erroneously entered April 10, 1912, in this action as a default judgment, that trial on the merits on the issues joined by the complaint and answer may be had. Appellant will recover his taxable disbursements and costs on both his motion to vacate and on appeal. It is so ordered.