FRANK PHILLIPS, Jennie Krumm, John Hoss, Nick Pull, Charles Finkle, Percy Sherwood, R. O. Kraft and Gordon V. Randlett, Respondents, v. K. B. JOHNSON, F. B. Starkenberg, Ole A. Braatland, Individually and as Trustees of the Village of North Fargo, and Percy Beals, Individually and a Clerk of Said Village, Appellants.

(197 N. W. 879.)

**Time for filing nominating petitions — in computing time for filing nominating petitions election day is counted and day of filing petition excluded.**

Where candidates for village trustees file petitions, sufficient in form, on

Note.—Rule as to first and last days in computation of time, see 49 L.R.A. 193; 15 L.R.A.(N.S.) 686; 9 R. C. L. 1081.

February 27, 1924, praying that their names appear on ballots to be used at an election to be held on the 18th of March, following, it is *held* that the rule for the computation of time defined in § 7324, Comp. Laws, 1913, is applicable; that in computing the number of days, election day should be included and the day on which the petitions are filed excluded, and that such petitions are filed "at least twenty days prior to the holding of the election" as required by § 903, Comp. Laws, 1913.

Opinion filed March 19, 1924.

Time, 38 Cyc. p. 318 n. 65.

Appeal from the District Court of Cass County, North Dakota, *Cole, J.*

Affirmed.

*Burke & Burdick* and *Brickner & Knox,* for appellants.

"The peremptory writ does in a sense embody an order, and also an adjudication in the nature of a judgment, but to prevent confusion in practice, it must be distinguished from an order, and must preserve its identity. It is a peremptory writ, and is so denominated in all works of practice, as well as in the statute." Insurance Co. v. Mayer, 2 N. D. 236.

"But we are clear that the omission to incorporate in the alternative writ any material fact contained in the affidavit would be fatal on demurrer or motion to quash the writ. The writ only is served on the defendant, and the defendant answers only to the alternative writ in cases where such writ issues." "The writ should be treated as a declaration at common law or a complaint under the Code, and nothing which is omitted from it need be answered." State ex rel. Dakota Hail Asso. v. Carey, 2 N. D. 36.

"The style of all process shall be "The State of North Dakota." N. D. Const. art. 4, § 97.

Where the style of writs and other process is prescribed by constitutional provision, failure to comply therewith renders such process void, or at least voidable. 21 R. C. L. 1265, § 6.

"Nominating petitions must be filed within the time fixed by statute before the date of the primary election. Where the statute requires the filing of a petition "not less than twenty days before" the primary, the computation is made by counting back twenty days excluding the day of election, and a petition filed on the twentieth day is in time; but if the statute requires the petition to be filed *"At least twenty days prior"* to the primary it must be filed at least one day earlier than is required under the phraseology mentioned, that is the filing must be accomplished without the twenty-day period and not within it." 9 R. C. L. p. 1081, § 92.

"At least" means in the smallest or lowest degree; and "prior" means preceding, as in the order of time; previous. Century Dict.

"Certificates of nomination must be filed with the secretary of state not less than thirty days before the day fixed by law for the election of the persons in nomination. This time limit has been held mandatory by every court that has ever passed upon a similar statute, so far as we can ascertain." State v. Falley, 9 N. D. 466.

"Under a mandatory statute, a default of one day is as fatal as a default of twenty days."

"If we say the holiday provision must apply to this time limitation, then the legislature fixed a limit of thirty days well knowing that it must be twenty-nine days in every instance. That would seem absurd. But the terms of § 5127 exclude this limitation. That section says that when an act is to be appointed 'To be performed upon a particular day,' etc. But this act is not appointed for a particular day. It must be done not less than thirty days before election. But there is no limit to the extension of this time. The certificate may be filed any number of days exceeding thirty before the election. If the limitation declared that the certificate must be filed on the 30th day before election, then the statute would apply. But the distinction seems very clear." Ibid.

"An act that is general in character cannot be held to supersede a special act such as the nonpartisan judiciary act that relates to an independent subject and is complete in itself." State v. Minor (Neb.) 180 N. W. 84.

"The words 'not less than' like the language 'at least' signify 'in the smallest or lowest degree; at the lowest estimate;' and legislation prescribing 'not less than' or 'at least' a specific number of days is usually

construed to mean clear and full days for the specified period of time." Watson v. Salem (Or.) 164 Pac. 568.

"Ten days at the least" means ten full clear days applying the same to the service of summons, "ten days at the least" before hearing. Mitchell v. Foster, 12 Ad. & El. 472.

"Not less than twenty days before primary election" means "twenty clear days." Iverson v. Perlman (Md.) 111 Atl. 220.

"The phrases 'not less than' and 'at least' signify the smallest or lowest degree, and legislation prescribing 'not less than' or 'at least' a specified number of days is usually construed to mean clear and full days for the specified period of time." 24 Standard Enc. Proc. p. 803.

"Again, when so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days are to intervene, both the terminal days are excluded from the computation." Maxwell, in Interpretation of Statutes, 5th ed. p. 559; Endlich, 1888 ed. § 391. To the effect that election day should be excluded in all events see: Frey v. Rhode Island Co. Ann. Cas. 1918A, 920, note page 927, 37 R. I. 96, 91 Atl. 1.

"When a period of time is to be reckoned from a certain day, the day from which the time is to be reckoned is excluded from the computation." Ibid.

*Lawrence, Murphy & Nilles,* for respondents.

"The statute prescribes its application in general words, namely to the time in which any act provided by law is to be done.

"We cannot disregard it as not a statute of general application. To do so is to violate the statute in words and intent." Styles v. Dickey, 22 N. D. 515, 134 N. W. 702.

*"The rule here adopted is 'a universal rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes' providing time limits for performance."* Hogg v. Christenson, 29 N. D. 8, 149 N. W. 563.

"Where an act is required to be done, the specified number of days before any event, the required number of days is to be computed by excluding the date on which the act is done and including the date on which the event is to occur." Rosenplanter v. Provident. Sav. Life Assur. Soc. 96 Fed. 721; Chaddock v. Barry, 93 Mich. 542, 53 N. W.

785; Excelsior v. Suburban R. Co. 108 Minn. 407, 24 L.R.A.(N.S.) 1035, 120 N. W. 526, 122 N. W. 486.

Under a Code provision that service of party nomination may be filed not less than twenty days before the date of election, it was held that a certificate of party nomination offered for filing on October 17th, containing names of persons to be voted for at an election on November 6th, was in time. Cosgriff v. Comrs. 151 Cal. 407, 91 Pac. 98.

The true rule is we think expressed in the language that the day of doing an act may be included or excluded in computing time so as to operate most favorably to the party entitled thereto. (Tex.) 23 L.R.A. (N.S.) 759; Taylor v. Brown, 5 Dak. 335, 40 N. W. 325, 147 U. S. 640, 37 L. ed. 313, 13 Sup. Ct. Rep. 549.

"The date of the election was November 6, 1900. The amended certificate was placed in the mail October 8, 1900. Excluding the latter date and including the date of election, the certificate was mailed twenty-nine days before election. Under a mandatory statute a default of one day is as fatal as a default of twenty days. State ex rel. Anderson v. Falley, 9 N. D. 464.

JOHNSON, J. This is an appeal from a judgment of the district court of Cass county, directing the defendants, the trustees and the clerk of the village of North Fargo, to place the names of the plaintiffs on the ballot as candidates for the offices of trustees of said Village at the election to be held on the 18th of March, 1924. The plaintiffs are candidates for village trustees. They obtained an alternative writ of mandamus from the trial court directing the defendants to put the plaintiffs' names on the ballot at the ensuing election, or show cause why they refuse to do so.

The defendants demurred to the alternative writ of mandamus, principally upon the ground that plaintiffs' nominating petitions were not filed "at least twenty days" prior to the election, as required by § 903, Comp. Laws, 1913. The court overruled the demurrer, and on the 4th day of March, 1924, pursuant to an order for judgment made on the same day, judgment was entered and a writ of mandamus accordingly issued, under the seal of the court, directing the defendants to do all things necessary and proper under the law to put the names

of the petitioners upon the ballot as candidates for the offices of trustees at the ensuing village election.

On the 27th of February, 1924, the plaintiffs filed nominating petitions with the clerk of the village of North Fargo, signed by a sufficient number of qualified electors, asking that the names of the plaintiffs be put upon the election ballot as candidates for village trustees at the election to be held on the 18th of March. The defendants refused to place the names of the plaintiffs on the ballot upon the ground that the petitioners were not filed "at least twenty days prior" to the election. It is contended by the defendants that § 903, supra, is mandatory and that in computing the time, the date of the election, March 18, must be excluded and a clear period of twenty days reckoned therefrom, and that the last day on which the petitions could have been filed in compliance with the statute was February 26, 1924.

Section 903, supra, requires the filing of nominating petitions "at least twenty days" before the election, and if petitions, otherwise proper in form and signed by the required number of electors, are timely filed, the persons named therein are entitled to have their names appear on the election ballot. The rule as to the computation of time in this state is defined by statute and has been applied in several adjudicated cases. Section 7324, Comp. Laws, 1913, reads as follows:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday and then it is also excluded."

This statute expresses the rule adopted in a large number of jurisdictions. It is not necessary to review the decisions at length. In election as well as in other classes of cases where similar statutes pertaining to the time for performing certain acts have been construed, the rule of computation defined in § 7324, supra, has been generally applied. Cosgriff v. Election Comrs. 151 Cal. 407, 91 Pac. 98; State ex rel. Jones v. Inspectors of Election, 93 Ohio St. 14, 112 N. E. 136; State ex rel. O'Hearn v. Erickson, 152 Minn. 349, 188 N. W. 736; Omaha Water Co. v. Schamel, 78 C. C. A. 68, 147 Fed. 502; Stebbins v. Anthony, 5 Colo. 348; Coe v. Caledonia & M. R. Co. 27 Minn. 197, 6 N. W. 621.

We see no reason why the rule of § 7324, supra, should not be applied where the computation of time is necessary, regardless of

the subject-matter under consideration, unless, expressly or by necessary implication from its context, the statute dealing with the subject requires the application of a different rule. It would tend to confusion and uncertainty to limit the application of this rule of computation by judicial construction, otherwise than as required by the terms or the context of the particular statute under consideration in a given case. There is nothing in § 903, supra, that renders it inappropriate to apply the rule of § 7324 to the facts in the record.

In State ex rel. Anderson v. Falley, 9 N. D. 464, 83 N. W. 913, the court applied the rule of computation defined in § 7324, supra, (Rev. Codes 1895, § 5150) without referring to the statute, and excluded the day on which the certificate was filed, but included election day. Under the rule adopted, the relator in that case filed the certificate one day too late and was entitled to have his name on the ballot. In Styles v. Dickey, 22 N. D. 515, 134 N. W. 702, the court says that the rule of § 7324, supra, is "a universal rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes" providing time limits for performance. In Hogg v. Christensen, 29 N. D. 8, 149 N. W. 562, this statement from Styles v. Dickey, supra, is quoted and approved.

Counsel for the appellant rely largely upon the case of Seawell v. Gifford, 22 Idaho, 295, 125 Pac. 182, Ann. Cas. 1914A, 1132. The quotation in the brief of counsel from 9 R. C. L. p. 1081, § 92, insofar as applicable to the point under discussion, is based upon that decision. We do not deem an extended discussion necessary in order to distinguish this case. It is sufficient to say that by either method of calculation, alike the one applied by us pursuant to § 7324, supra, and the one urged by the appellants here, the plaintiff in the Seawell Case filed his nominating petition too late. It was there said in the course of the opinion that under a statute providing that the candidate must file his nominating petition "at least thirty days" prior to the election, that at least thirty days must intervene between the date of the filing and the date of the election; that is, the court excluded from the computation both the date on which the petition was filed and the day on which the election was to be held. At the time the case was decided, there was in force a statute in Idaho identical with § 7324, supra. The election in the Idaho case was to be held on the 30th of

July and the petition was filed on the first of July and, therefore, applying the rule of the statute, and as this court applied it in State ex rel. Anderson v. Falley, without reference to the statute, it is evident that the petition was filed too late, that is, only 29 days before the election. If the Idaho decision must be construed as holding that the rule of § 7324, supra, is not applicable under the facts in the case at bar, notwithstanding the precise point was not involved or necessary to a decision upon the facts in that case, then we see no escape from the conclusion that the doctrine laid down therein is contrary to the overwhelming weight of judicial authority upon the subject.

Other questions are raised pertaining largely to matters of pleading and practice in mandamus proceedings, but they are so clearly without merit that we deem it unnecessary to notice them.

The judgment appealed from should be affirmed. It is so ordered.

Bronson, Ch. J., and Christianson, Birdzell, and Nuessle, JJ., concur.