CHRISTIAN FRIESZ, Appellant, v. S. A. OLSNESS, as Commissioner of Insurance of the State of North Dakota, Respondent.

(199 N. W. 590.)

**Time — computation of — law applicable in all cases unless contrary intention affirmatively appears.**

1. Section 7324, Comp. Laws 1913, defining the rule for the computation of time, applies in all cases, unless a contrary intention affirmatively appears.

**Time — affidavit and application for reinstatement of hail insurance filed July 5th held timely.**

2. An affidavit and application for reinstatement of hail insurance and for additional indemnity, filed with the county auditor on July 5th, is timely, under the provisions of §§ 12 and 15, chapter 232, Sess. Laws 1923, providing that such affidavit and application shall be made and filed *prior* to July 5th.

Opinion filed June 26, 1924.

---

Note.—(1) Rule as to first and last days in computation of time, see notes in 49 L.R.A. 203; 15 L.R.A. (N.S.) 687; 38 L.R.A. (N.S.) 1162; 26 R. C. L. 748; 3 R. C. L. Supp. 1480; 5 R. C. L. 1424.

Hail Insurance, 29 C. J. § 2 p. 205 n. 3 New. Time, 38 Cyc. p. 309 n. 7; p. 331 n. 68.

Appeal from the District Court of Burleigh County, *Jansonius,* J. Reversed.

*Langer & Nuchols,* for appellant.

By the overwhelming weight of authority when an act is to be performed within a certain number of days, or a certain time after a given date, the time for such performance is computed by excluding the first day and including the last, and when the last day is a holiday it is also excluded. Styles v. Dickey, 22 N. D. 515; Spencer v. Haug (Minn.) 47 N. W. 794; Johnson v. Electric Co. (Neb.) 125 N. W. 153.

A power that may be exercised up to and including a certain day of the month may generally be exercised on the following Monday when that day falls on Sunday. Street v. United States, 133 U. S. 299, 33 L. ed. 631.

If the last day of the year within which a devisee as a condition of the gift is required by will to pay a legacy comes on Sunday he may pay on the next day. Sands v. Lyon, 18 Conn. 18.

Whenever a statute requires or allows an act to be performed within a limited time, and the last day thereof falls on Sunday, or any other holiday performance on the next business day is in due time. Cressey v. Parks, 75 Me. 387; Schnepel v. Mellen, 3 Mont. 118; Carothers v. Wheeler, 1 Or. 194; Edmundson v. Wrag, 104 Pa. 500.

As a general rule where a statute or order of court gives time for the performance of an act until a day certain, the day named is included. Rogers v. Cherokee Iron & R. Co. 70 Ga. 717; Conway v. Smith Mercantile Co. 49 L.R.A. 201; Penn Placer Min. Co. v. Schreiner, 35 Pac. 878; Thorn v. Delaney, 6 Ark. 219.

*Geo. F. Shafer,* Attorney General, *John Thorpe* and *L. L. Butterwick,* Assistant Attorneys General, for respondent.

"Filing, it must be observed, is not complete until the document is delivered and received. 'File' means to deliver to the office and not sent through the United States mails. . . . A paper is filed when it is delivered to the proper official and by him received and filed. . . . Anything short of delivery would leave the filing a disputable fact and

that would not be consistent with the spirit of the act." United States v. Lombarge, 228 Fed. 980.

Controlling case on computation of time. State ex rel. Anderson v. Falley, 9 N. D. 464, 83 N. W. 913; Griffin v. Dingley, 46 Pac. 457.

NUESSLE, J.   The defendant and respondent, Olsness, is the commissioner of insurance of the state of North Dakota and as such is charged with the administration of the State Hail Insurance Department.

The plaintiff and appellant, Friesz, is a farmer living in Grant county.   In 1923 he withdrew his crop from state hail insurance protection.   Thereafter, he decided that he would take advantage of the state insurance, and on July 2, 1923 he executed the proper papers to cancel the withdrawal and reinstate such insurance and to apply for additional indemnity, under the provisions of §§ 12 and 15, chapter 232, Laws of 1923.   That part of § 12 with which we are here concerned reads:

". . . Provided, further, that the withdrawal from hail indemnity tax may be cancelled and the insurance reinstated any time *prior* to July 5th by filing an affidavit of application for such reinstatement in duplicate with the county auditor on blanks furnished by the Hail Insurance Department, and the county auditor shall stamp on both the original and duplicate of such application the hour and the date when such application was received in his office and shall within three days file a copy of such application with the Hail Insurance Department. . . ."

Section 15 provides:

"The maximum amount of indemnity for total loss shall be $7 per acre except where the owner, occupant or tenant shall, *prior* to the fifth day of July of any year, make application to the county auditor for an additional $3 per acre indemnity. . . ."

These papers were executed at New Leipzig and were mailed to the county auditor at Carson, the county seat.   They reached the postoffice at Carson on July 4th but, owing to the fact that the fourth was a holiday, were not taken from the postoffice and did not reach the auditor's office until the fifth.   Friesz believed that the papers had been duly received and filed.   He had no notice to the contrary and thought that his crop was insured.   In August the crop was destroyed by hail.

Due notice of loss was given. There is no question as to the fact of the loss or the amount he is entitled to from the State Hail Department if the insurance be in effect. But the respondent refused to certify the claim to the state auditor for payment on the ground that the appellant was not insured because he had not made timely application for reinstatement and additional indemnity.

The appellant, therefore, began this proceeding in mandamus and the district court of Burleigh county issued an alternative writ directed to the respondent Olsness requiring him to certify the claim to the state auditor or show cause why he had not done so. The respondent answered and, showing cause, prayed that the alternative writ be quashed and the proceeding dismissed. The facts were stipulated and thereafter the district court made its order quashing the alternative writ and dismissing the proceeding. Appellant moved for a new trial, which motion was denied, whereupon he perfected this appeal to this court.

The sole question involved in this case is whether the application and affidavit of the appellant, for the reinstatement and increase of his insurance and which were received by and filed with the county auditor on July 5th, were received and filed within the time required by the statute. The appellant contends that the statute provides a time within which the affidavit and application are to be filed with the county auditor; that while the provision is that this be done *prior* to July 5th, yet thereby the legislature fixed the limit within which it is to be done; that the legislature must be held to have known that July 4th was and always would be a holiday; that the legislative intention is plain that such filing might be done until July 5th; that, the provisions of §§ 7300 and 7324, Comp. Laws 1913, are applicable, and, therefore, since July 4th was a holiday, the filing with the county auditor was properly done on July 5th, the next succeeding business day.

Section 7300 provides:

"Whenever an act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."

And § 7324 provides:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it is also excluded."

On the other hand, the respondent contends that these provisions of the statute have no application, that no particular day is appointed for the filing of the affidavit and the application for reinstatement and additional insurance and, therefore, the provisions of § 7300 do not apply; that the statute does not fix a time within which these things may be done but only fixes a time before which they must be done and, therefore, the provisions of § 7324 do not apply.

We think it is clear that § 7300 has no application in this particular case. The position of the respondent that the filing of the papers was not appointed for a particular day is well taken. See State ex rel. Anderson v. Falley, 9 N. D. 464, 83 N. W. 913. But we are constrained to agree with the appellant in his contention that, under the provisions of § 7324, the filing might be done on July 5th. The purpose of § 7324 "is to establish a general rule for the computation of time, in order that confusion may be avoided and harmony prevail." See Kelly v. Independent Pub. Co. and cases there cited, 45 Mont. 127, 38 L.R.A.(N.S.) 1160, 122 Pac. 735, Ann. Cas. 1913D, 1063. It applies in all cases unless a contrary intention affirmatively appears. Styles v. Dickey, 22 N. D. 515, 134 N. W. 702; Phillips v. Johnson, 50 N. D. 781, 197 N. W. 879. Sections 12 and 15 of chapter 232, supra, disclose no such contrary intention. We think that they fix a time in which the act may be done; that the last day of that time is definite, to wit, July 4th. The first day is indefinite because dependent upon the time at which the withdrawal may have been filed. That is, the act contemplated may be done at any time from the date of the withdrawal until July 5th. Even the most cynical should concede that the legislature knew the 4th day of July was and doubtless always would be a holiday. So, to hold that § 7324 was not intended to apply necessarily requires a holding that the legislature, while particularly naming the 5th of July, thereby meant the third, and if the third fall on Sunday, the second, or that one wishing to avail himself of the full privilege accorded by said sections 12 and 15 of chapter 232, supra, must be subject to the grace and favor of the county auditor and have his

papers received and filed on a holiday. Surely nothing could be more confusing or tend to result in greater uncertainty. If the effect of the sections in question be to fix a time in which the act may be done, then plainly, under § 7324, July 4th, the last day of that time, being a holiday, is excluded and the act may be done on the next day. See Styles v. Dickey, supra; Hogg v. Christenson, 29 N. D. 8, 149 N. W. 562.

The respondent particularly relies upon the case of State ex rel. Anderson v. Falley, supra, but while at first blush that case might seem to be an authority in his favor, yet upon further consideration it will be found not to be. The statute giving rise to that case provided that certificates of nomination should be filed not less than thirty days *before* the day fixed by law for the election. The court, in reckoning days to determine whether the certificate was filed in time, included the day of election. That is, the court applied the rule of § 7324 insofar as the facts fitted, although it made no reference to that section. See also Phillips v. Johnson, supra.

The order of the district court denying a new trial must be and is reversed and a new trial ordered.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., concur.