# GEORGE D. IVERSON, JR.,

## vs.

## PHILIP B. PERLMAN, Secretary of State.

*Primary Election—United States Senator—Certificate of Nomination—Time of Filing.*

In view of Acts 1914, Ch. 761, Sec. 1, providing that candidates of the several political parties for the office of United States senator shall be nominated in the same manner as candidates for State offices are required to be nominated, taken in connection with Acts 1914, Ch. 714, providing that certificates must be filed and payments made by candidates for the nomination of Governor, Comptroller, Attorney General, and Clerk of the Court of Appeals, not less than thirty days before the day of the primary election, a candidate for the office of senator must file his nomination papers thirty clear days before the primary election.                                                                   p. 67

Assuming that the statute requires the nomination papers for the office of United States senator to be filed not less than twenty days before the day of the primary election, the filing is too late if on the thirteenth day of April, and the election is fixed for the third of May.                                                            p. 68

*Decided June 18th, 1920.*

Appeal from the Superior Court of Baltimore City (Duffy, J.).

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*Henry M. Stainback,* for the appellant.

*Alexander Armstrong, Attorney General,* and *Allan H. Fisher, Assistant Attorney General,* for the appellee.

BRISCOE, J., delivered the opinion of the court.

This is an application for a writ of mandamus, and the sole question presented for determination is: Was the certificate of nomination for the office of senator from Maryland in the United States Senate filed with the Secretary of State within the time prescribed by law, so as to entitle the appellant to have his name printed upon the official primary ballot of his party, to be voted on in the Democratic primary election to be held in the State of Maryland on the 3rd day of May, 1920, for senator from Maryland in the United States Senate.

It is agreed and admitted that the certificate is regular and in conformity with law, was presented to the proper officer to receive it, and all errors and omissions in the pleadings were waived.

The petition avers: First, that the petitioner is a legal voter in the State of Maryland, is a registered voter of the Twenty-second Precinct of the Fifteenth Ward of Baltimore City, and was registered and voted at the last election held in the City of Baltimore, from that ward and precinct. Second, that on the 13th day of April, 1920, the petitioner presented to the defendant Philip B. Perlman, Secretary of State, at Annapolis, in the State of Maryland, a certificate of nomination duly signed and sworn to, accompanied by his check for two hundred and seventy dollars, for the position of nominee for United States senator from Maryland, of the Democratic party, which application was filed or offered to be filed for the purpose of having the name of your petitioner appear on the ballot to be voted on in the Democratic primary election to be held in the State of Maryland, on the 3rd day of May, 1920, for United States senator of the State of Maryland, which certificate of nomination Philip B. Perlman, Secretary of State, refused to accept and file as provided by law. Third, that unless the defendant, the Secretary of State, is compelled to file the certificate, the petitioner will be denied a valuable right.

The prayer of the petition is, that a writ of mandamus may be issued, directed to Philip B. Perlman, Secretary of State, commanding him, as Secretary of State, to accept the certificate of nomination heretofore filed with the defendant, and that the same be filed in the office of the Secretary of State, as provided by law.

The defendant, by his answer, admits and avers, in substance; that on the thirteenth day of April, 1920, the petitioner presented to him, the defendant, at Annapolis, in the State of Maryland, a certificate of nomination duly signed and sworn to, accompanied by the check of the petitioner for the sum of two hundred and seventy dollars, for the position of nominee for United States senator from Maryland, of the Democratic party, and that this application was filed for the purpose of having his name appear on the ballot to be voted on in the Democratic primary election to be held in the State of Maryland on the 3rd day of May, 1920, for United States senator from the State of Maryland.

The defendant further admits that he did refuse to accept and file the certificate of nomination, because he then believed and now alleges that the said certificate of nomination was not presented to him within the time established by the laws of this State for the filing of certificates of nomination by candidates for United States senator. First, because this defendant believes that under the laws of this State the candidates for the position of United States senator, seeking to participate in a primary election, are obliged to file their certificates of nomination with him as Secretary of State not less than thirty days prior to the date of the primary election, with which provision of law the said petitioner failed to comply by failing to present his aforesaid certificate of nomination until the thirteenth day of April, and, secondly, because this defendant believes that, even if under the laws of the State of Maryland candidates for the nomination for United States senator are required to file their certificates of nomination not less than twenty days prior to the date of the prim-

ary election, nevertheless, the petitioner failed to comply with the provision of law, inasmuch as he did not present to this defendant his certificate of candidacy until the 13th day of April.

The case was submitted by agreement of counsel, was heard in the court below upon petition and answer, and from an order of court denying the application for the writ and dismissing the petition, this appeal has been taken.

The facts, it will be seen, are undisputed and appear from the pleadings.

The single question for our determination is whether the appellant's certificate or nomination papers for United States senator were presented, to be filed with the Secretary of State, within the time required by law.

A brief review of the several Acts of Assembly, for and relating to the nomination of candidates for the various offices to be filled by the voters of the State, and now codified in various sections of Article 33 of the Code of Public General Laws, title "Elections," sub-title "Primary Elections," will be necessary for a proper consideration of the question presented.

Sections 202 to 213, inclusive, of Article 33 of the Code, containing the former Senatorial Primary Election Law, were repealed by the Acts of 1914, Chapters 473 and 761.

The Act of 1914, Chapter 761, provided for the nomination and election of senators from Maryland in the Senate of the United States, and for filling vacancies in the office of senator, and repealing all other laws or parts of laws inconsistent with it.

By Section 1 of Chapter 761 of the Acts of 1914 it is provided, in part, as follows:

"All the provisions of all sections of Article 33 of the Code of Public General Laws of Maryland, title 'Elections,' sub-title 'Primary Elections,' for and relating to the nomination of candidates for State offices, that is to say, offices filled by the vote of all of the regis-

tered voters of the State of Maryland, are hereby extended and declared to be applicable to the nomination of candidates for the office of Senator from Maryland in the United States Senate, and all candidates of the several political parties subject to the provisions of said sections of this article, for the office of Senator aforesaid, shall be nominated in accordance with the provisions and in all respects of said sections in same manner as candidates for State offices aforesaid are by said sections required to be nominated; and the Senators from Maryland in the Senate of the United States shall be elected by the people, that is to say, by the qualified voters of the State, and such election of said Senators shall be held and conducted, canvassed, returned, certified and established, in the same manner as the Comptroller of the Treasury of the State is required to be elected, and as the election of the Comptroller is required to be held, conducted, canvassed, returned, certified and established by the provisions of said Article 33 and in accordance in all respects with said provisions."

The time of filing the certificate of nomination by candidates seeking to be elected is provided by Chapter 714 of the Acts of 1914, now Section 184 of Article 33, Annotated Code, Vol. 4, and it provides, in part, as follows:

"All such certificates must be filed and payments made by candidates for the nomination of Governor, Comptroller, Attorney General, and Clerk of the Court of Appeals, not less than thirty days before the day of said primary election, and by all other candidates not less than twenty days before said primary election, * * * but candidates for Governor, Attorney General, Comptroller, or Clerk of the Court of Appeals of the State shall file their said certificates of nomination with the Secretary of State at Annapolis, and the Secretary of State, immediately on receipt of the same, shall certify the fact of said filing and the name and description of each person so filing said certificate as

specified therein to the Supervisors of Elections of
Baltimore City, and of every County in the State."

These two Acts of 1914 were passed at the same session of
the General Assembly of Maryland, and they provide in
terms, first, that "All such certificates must be filed and pay-
ments made by candidates for the nomination of Governor,
Comptroller, Attorney General and Clerk of the Court of
Appeals, not less than thirty days before the day of said
primary election, and by all other candidates not less than
twenty days before said primary election." Second, "All
candidates of the several political parties, for the office of
Senator, shall be nominated in accordance with the provisions
and in all respects, in same manner as candidates for State
offices are by the sections required to be nominated." Acts
of 1914, Chapter 761, codified as Sec. 184 of Art. 33 of
Bagby's Code, Vol. 4.

It is thus apparent, we think, that the Legislature intended
that a candidate for the office of United States senator in this
State should file his nomination papers thirty clear days be-
fore the primary election. The express language of the Act
is, that he shall be nominated in the same manner as candi-
dates for state offices are required to be nominated, and it is
obvious that candidates for the nomination of Governor,
Comptroller, Attorney General and Clerk of the Court of
Appeals are required to file certificates not less than thirty
days before the day of the primary election.

The Act of 1914, *supra,* which provides for the primary
election of candidates for the office of United States senator,
it will be seen, is not repealed or modified by Chapter 160
of the Acts of 1916, now codified as Section 184 of Article
33 of Bagby's Code, Vol. 4, in so far as the time within
which certificates for nomination for the office of United
States senator must be filed.

But assuming, as urged by the appellant, that the twenty
day limitation and not the thirty day limit applies to the

certificate to be filed for the office of United States senator, it is quite clear, under the facts of this case, that even then the application for the writ of mandamus would have to be denied. The certificate of nomination was not presented to be filed until the 13th day of April, 1920, and the senatorial primary election had been fixed for the 3rd of May, 1920. This filing would not have been twenty clear days before the primary as required by law, and was too late. *Walsh* v. *Boyle,* 30 Md. 262; *Graham* v. *Wallington,* 121 Md. 668.

For the reasons stated, we affirmed the order appealed from, and in a *per curiam* filed on the 22nd day of April, 1920, said: "This Court being of opinion that the certificate was not filed within the time provided by law, it is this 22nd day of April, 1920, ordered by the Court of Appeals of Maryland, that the order of the Superior Court of Baltimore City, refusing the mandamus prayed for in the petition, be and the same is hereby affirmed.

*Order affirmed, with costs to the appellee.*