SOUTHERN PAC. CO. v. JONES.

No. 3699.   Decided December 22, 1921.   (202 Pac. 1095.)

COURTS—REGULAR JUDGE HAD POWER TO RECONVENE AFTER ANNOUNCEMENT OF ADJOURNMENT SINE DIE BY JUDGE CALLED IN. Where, because the judge of the district was disqualified in three cases, one of the judges of another district was called in to try the three cases and no others, and, on disposing of them, announced adjournment sine die, although there were a number of cases undisposed of, the judge of the district, on returning shortly thereafter from the other district where

he had been trying cases in place of the judge who had been
called in, had power to reconvene the court and correct the
error as to adjournment; and the rule that, where court ad-
journs without announcing a date to reconvene, the term is
ended and the court cannot convene until the next regular
term, did not apply.

Appeal from District Court, First District, Box Elder
County; *J. D. Call,* Judge.

Action by the Southern Pacific Company against Ricy H.
Jones. From judgment for plaintiff, defendant appeals.

AFFIRMED.

*Ricy H. Jones,* of Brigham, for appellant.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for
respondent.

WEBER, J.

In June, 1915, some one, then thought to be E. H. Jones,
at Kelton, Utah, telephoned to the Western Moline Plow Com-
pany, of Salt Lake City, and ordered a grain header; $100
was paid on the purchase price. The header was shipped by
the Western Moline Plow Company to E. H. Jones, at Kelton,
over the railroad lines of the Oregon Short Line Railroad
Company and the Southern Pacific Company. From the
junction point of the two railroads the header was sent to a
station by the name of· Nella, consigned to R. H. Jones, by
the Southern Pacific Company. E. H. Jones having repudi-
ated 'the transaction, because of the unauthorized delivery,
the plaintiff was compelled to pay the shipper, the Moline
Plow Company, a balance of $180 due on the header. The
claim was thereupon assigned to the plaintiff, who instituted
this suit.

The uncontradicted testimony at the trial was to the effect
that R. H. Jones paid the $100 on the header; that he called

the cashier of the Oregon Short Line Railroad Company at Brigham City by telephone and asked if he had a header going to Kelton to E. H. Jones, and when told that it had not arrived R. H. Jones said there would probably be one within the next day or two. When the header came the cashier told R. H. Jones of the arrival, and thereupon the cashier was informed by R. H. Jones that a mistake was made in the billing; that it should have been billed to R. H. Jones at Nella instead of to E. H. Jones at Kelton, and requested that the error be corrected. Upon being notified that the freight charges would first have to be paid at Brigham City in order to unload it at Nella, the defendant paid the freight charges and again requested that the header be unloaded at Nella so that he would not have to drive to Kelton for it. The defendant also told one of plaintiff's conductors that he was having a header shipped to Kelton on account of Nella not being a prepay station, and wanted to know if there was any way he could fix it so as to have it delivered at Nella, close to his ranch. On the morning that the header was in the car the defendant told the conductor that the header was marked wrong; that it should have been R. H. Jones instead of E. H. Jones, and that the header belonged to him (R. H. Jones); that the header belonged to him and he had ordered it.

On substantially the above testimony the court found the issues in favor of plaintiff and rendered judgment for $180, from which defendant appeals. Twenty-two errors are assigned. Only one is of any importance, and that is that the court had adjourned for the term before this case was called and tried, and therefore it had no jurisdiction to try this or any case prior to the next regular term of court.

The record discloses that on March 8, 1920, the opening of the Box Elder county term, this case was set down for trial on Thursday, April 1, 1920; other cases also being set for trial on dates after that. In three cases Hon. J. D. Call, the judge of the First district, was disqualified, and Hon. W. S. McCarthy, one of the judges of the third district, was called in to try those three cases and no others. Judge Call took Judge McCarthy's place in the Third district. Judge

McCarthy tried one of the cases, but of the other two one was continued and one dismissed. When this situation arose on Wednesday, March 31st, Judge Call was engaged in the trial of a case at Salt Lake City, which was not concluded until the next day. When Judge McCarthy adjourned, the record shows that he announced the adjournment sine die. Judge Call returned to Brigham City on April 2d, held court that day, and transacted some other business. On April 3d this case came on for trial and was called, when the defendant, who is a member of the bar and was representing himself, said:

"I was in court on the 31st of March and the court was adjourned sine die."

To this Judge Call replied:

"I don't know what words Judge McCarthy used, but Judge McCarthy was here to hear these three cases, and that is as far as it went, and Judge McCarthy might have said sine die, but it was so far as he was concerned. Do you think he would adjourn court when there were a dozen cases to be tried?"

On being informed that the case would be proceeded with, Mr. Jones requested permission to go to his office and get the files, and the court said:

"Yes. Let the record show at this time that Judge McCarthy was here for the purpose of trying 3 cases, especially, and that after the trial of these cases there were 16 cases on the calendar set, and the only time Judge McCarthy adjourned to was until I could get there. I was on the trial of a case in Salt Lake, which was not completed on the date Judge McCarthy got through with his, and it was not the intention for Judge McCarthy to disrupt the trial of cases here."

The general rule is that, when the court adjourns without announcing a date to reconvene, the term is ended, and the court cannot convene until the next regular term. 15 C. J. 85. But that is not the situation here. Judge McCarthy, of the Third district, had exchanged places with Judge Call, and the former went to Brigham City for the express purpose of presiding during the trial of certain specified cases. When those cases were disposed of Judge McCarthy adjourned court without date. Upon his return Judge Call, upon whose calendar cases had been regularly set, reconvened

Certiorari. Award vacated

court and corrected the error. It would be a travesty upon all orderly procedure if a court could not correct an apparent and self-evident error committed inadvertently by a judge temporarily presiding. When this case was called, the appellant made no objection to proceeding with the trial. No continuance was requested. Nothing was said by appellant to indicate that the announcement of the adjournment sine die by Judge McCarthy had in any way misled or prejudiced him in the case that was called for trial. Appellant entered into the trial of the case, and after a decision was rendered against him he, for the first time, raises the objections which are urged upon this appeal.

We think that appellant's contention that the court had no power to correct the order of adjournment is wholly untenable, that Judge Call had the power and authority to correct the error committed by Judge McCarthy, and that the court was properly reconvened and had full power to do all it did in the premises.

The judgment is therefore affirmed.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.