# WOOD v. COWAN, County Clerk.

## No. 4504.   Decided November 2, 1926.   (250 P. 979.)

Ray Van Cott, C. A. Gillette, and Harold M. Stephens, all of Salt Lake City, for plaintiff.

Arthur E. Moreton, Co. Atty., and Geo. M. Cannon, Jr., Asst. Co. Atty., both of Salt Lake City, for defendant.

PER CURIAM.

The plaintiff, Charles E. Wood, on October 18, 1926, at 11 o'clock a. m. of that date, presented to the county clerk of Salt Lake county a certificate of nomination, signed by a requisite number of voters of the county designating themselves "Independents," in which the plaintiff was nominated for the office of sheriff of Salt Lake county, to be voted for on the day of election to be held November 2, 1926, and requested the clerk that the certificate be filed and plaintiff's name printed on the official ballot. The certificate is in due form. The clerk refused to accept or file it on the sole ground that it was not presented in time. Hence the plaintiff applied to this court for and was granted an alternative writ of mandate. The clerk answered, admitting the facts alleged in the petition, but justified the refusal on the ground that the certificate was not presented in time.

So far as pertinent, our election statute (section 2186, Comp. Laws Utah 1917) provides that a certificate of nomination "shall be filed not more than thirty nor less than fifteen days before election." There is a general statute (section 5843, Comp. Laws Utah 1917) which provides that "the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then

it is also excluded." These are the statutes relied on by the petitioner to support his claim that the certificate was presented in time. The day of election is November 2nd. The question thus is: Was the certificate presented October 18th for filing presented not "less than fifteen days before election," fifteen days before November 2nd? In computing that time, and as the petitioner urges in accordance with section 5843, he does not call October 18th, the day on which the certificate was presented for filing, the "first day," and exclude it, nor does he claim that November 2nd is the "last day" of the prescribed time or period, and as such to be included, but because of the language of section 2186, "before election," concedes that November 2nd, the day of election, must be excluded. In reaching the conclusion that the certificate was tendered not less than fifteen days before November 2nd, the petitioner excludes that day, and, counting November 1st as the first day and one day before November 2nd, and as being not less than one day before, for, as he asserts, one is less than two, then counting the consecutive days backward from and including November 1st, it is found that October 18th, by including it, is the fifteenth day, which he asserts is "not less than fifteen days" before November 2nd. If the day of the filing or presentation for filing, the day the act is performed, be regarded the first day of the period, that day, under the provisions of section 5843, would have to be excluded in making the computation. By the process employed by the petitioner, instead of calling the day on which the event is to occur the last day and the day of filing the first day, the proposition is reversed, and the first is called the last, and by such method the 18th of October under the statute may, as is asserted, be included. Thus if the premise is wrong the conclusion based thereon also is wrong.

The method employed by the petitioner is based on and is supported by the case of *Cossgriff v. Board, etc.*, 151 Cal. 407, 91 P. 98, construing a statute identical with ours, which is followed and approved by the case of *State ex rel. Jones*

*v. Board, etc.*, 93 Ohio St. 14, 112 N. E. 136, and to some extent the result but not the method by the cases of *Phillips v. Johnson*, 50 N. D. 781, 197 N. W. 879, and *State ex rel. O'Hearn v. Erickson*, 152 Minn. 349, 188 N. W. 736. Thus the holding of the California and Ohio courts is that, when an act is required to be performed not less than a certain number of days before a certain event, in making the computation the day on which the event is to occur is excluded, and counting backwards every day preceding that day is counted, including the day on which the required act was performed. But the Minnesota and North Dakota courts proceed on the theory, not of counting backward, but forward, and exclude the day on which the act was performed and include the day on which the event is to occur. Thus, applying the rule of the California and Ohio courts, by calling the day of election the first day and excluding it, and then count backwards the consecutive days of October 18th, and calling that the last day and include it, October 18th would be the fifteenth day. But, as seen, the Minnesota and North Dakota courts exclude the day of the filing or the day on which the filing was tendered, here October 18th, and then count forward to and including the day of election, which here is November 2nd, and by such method of computation the same result as to the period of time is reached. We agree partly with the California and Ohio courts and partly with the Minnesota and North Dakota courts; that is, we agree with the California and Ohio courts that the day of election is to be excluded, and disagree with the Minnesota and North Dakota courts that the day of election is to be counted; and we agree with the Minnesota and North Dakota courts that the day of filing is to be excluded and disagree with the California and Ohio courts that the day of filing is to be included.

In making the computation we see no basis for the claim that the day of election is to be called "the first day," and hence for that reason excluded, or October 18th, the day on which the petition was presented for filing, the last day, and

hence for that reason included. We think such a designation of a first and a last day is merely arbitrary, and a mere manipulation of figures so as to make October 18th to appear the "last day," and thus within the language of section 5843 to be included in the computation, and is merely stating a case to control the statute instead of requiring the statute to control the case or making the statute yield to the case instead of the case to the statute. On the other hand, in making the computation to include the day of election and count it as one day before election, is, as it seems to us, to fly in the face of section 2186. To say that November 2nd, the day of election, is one day "before the election" is inconsistent. And as already observed, the petitioner concedes that in making the computation the day of election must be excluded. But he says October 18th, the day of the filing of the certificate, should be included. But, as is seen, two of the cases cited and relied on by him hold that may not be done, and that the day of the filing must be excluded and not counted. If such cases be followed, and as the petitioner concedes as he does that the day of election cannot be counted, then the certificate presented by him was not presented in time. So much for petitioner's cases.

It is conceded that the statute (section 2186) is mandatory. That of similar statutes is the general holding of the courts; and that is our holding. The pertinent inquiry involves the meaning and intent of the statute. When that is ascertained the inquiry is at an end. In determining that, the decisions of courts, not only as to the method employed in making the computation, but also as to the result reached, are in irreconcilable conflict. So, to merely follow precedent, it is the question of whether the one or the other line of decisions be followed. If precedents from other jurisdictions are to be looked to and to influence our decisions, it thus becomes our duty to follow that line which we think is supported by the better reason and which best reflects the legislative intent.

In 38 Cyc. 317, it is stated:

"Where there is no positive statutory rule on the subject, the courts have, in reckoning, a designated number of days to ascertain the first or last day on which an act may or must be done, expressed themselves as being in favor of effectuating the intention of the parties by looking at the context and subject-matter of the instrument, and of so including or excluding the first and last days as to prevent a forfeiture, if possible. Either the day on which the period begins or the day on which it expires, however, must be included and the other excluded, as it is improper to include or exclude both, an exception compelling the exclusion of both days existing where a statute contemplates so many clear days, or where an act is to be done, or the period is referred to as being between two specified days.

"The rule which is most commonly adopted, and the one which is prescribed by statute in many jurisdictions, is that the time within which an act is to be done is to be computed by excluding the first day and including the last; but of course neither this nor any other rule of computation controls where the provisions of the contract or statute are clear and explicit as to time or the computation thereof."

This court, in the case of *I. X. L. Installment House v. Berets*, 32 Utah, 454, 91 P. 279, held that in the computation of time where a period is fixed as commencing from a named date and until a certain day named, both, as a general rule, are excluded, yet, when considered in connection with the whole instrument, either one or both may be included or excluded; and in *Jeremy F. & G. Co. v. D. & R. G. R.*, 59 Utah, 256, 203 P. 863, the word "to" a stated time was, because of other language, construed as a term of inclusion, and not of exclusion, and the doctrine announced that no hard and fast rule could be laid down, and that the meaning to be given the term depended upon the intent of the parties or of the Legislature, as the case might be.

In the case of *Ward et al. v. Walters*, 63 Wis. 39, 22 N. W. 844, the court stated the proposition thus:

"In the absence of any statutory provision governing the computation of time, the authorities are uniform that where an act is required to be done a certain number of days or weeks before a certain other day upon which another act is to be done, the day upon which the first act is to be done must be excluded from the computation, and the

whole number of days or weeks must intervene before the day fixed for doing the second act."

In the case of *Austin-Nichols & Co. v. Gilman*, 100 Conn. 81, 123 A. 32, the court had before it the construction of a statute and the meaning of the phrase "not less than fourteen nor more than thirty days prior to such sale." The court held that the period fourteen days meant fourteen full and clear days, and that the language required both terminal days to be excluded, and that no other construction could be given such words. In support of that the court approvingly quoted from the case of In re Gregg's Estate, 213 Pa. 260, 62 A. 856, that "when so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded." To the same purport the court also cited *Robinson v. Foster*, 12 Iowa, 186.

In the case of *Williams v. Halford*, 67 S. C. 296, 45 S. E. 207, the court had under consideration a statute which provided that "reasonable notice, not less than ten days, must first be given in writing by the party or his attorney proposing to take such depositions to the opposite party or his attorney." A notice was served on the 10th to take the deposition on the 20th day of November, and the question arose whether that was giving at least ten days' notice to take the deposition. Said the court:

"This case comes within the principle announced in *Adkins v. Moore*, 43 S. C. 173, 20 S. E. 985, in which the court says: 'The defendants were entitled to full twenty days from the time of service of the complaint till the day therein fixed for trial, and, as they were required to appear on the twentieth day from the service thereof, the time was shorter than that required by law.' It is true, section 407 of the Code provides that 'the time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last,' but this was not a case in which the defendants were required to act 'within' ten days. When such is the requirement, the party is in time if he acts on the tenth day, for that is 'within' ten days. If, however, the party is entitled to a notice of 'not less than ten days,' he is not required to act until the expiration of ten days, or, in other

words, after ten days. The notice in this case was not sufficient, unless 'within' and 'not less than' or 'after' mean the same thing, which cannot be successfully contended."

In *Speer v. State*, 2 Tex. App. 246, and in *State v. McLendon*, 1 Stew. (Ala.) 195, it was held that a service of a stated number of days before trial meant that number of days between the day of service and the day of trial, and thus in computing the days both the day of service and the day of trial should be excluded.

In the case of *Jones v. Hinderer*, 7 Boyce (30 Del.) 516, 108 A. 737, the court had under consideration a statute which required service to be made "at least four days before the day of appearance." The defendant was served June 5th and the return day made June 9th, and it was contended that such was a service of at least four days. Said the court:

"Where the required service must be not less than a fixed number of days before the day of appearance, the service must be made at such time before the day of appearance as to allow the full number of days required between the service and appearance without counting either the day on which the service is made or the day for the appearance or return"—citing cases.

We now come to the case of *Sewell v. Gifford*, 22 Idaho, 295, 125 P. 183, Ann. Cas. 1914A, 1132. There the statute required certificates of nomination to be filed "at least thirty days prior to the primary." In considering the statute the court said:

"Said section of the statute provides that such papers must be filed at least thirty days prior to the primary election. Now, if such papers must be filed thirty days prior to the date of election, they cannot be legally filed within the thirty days next preceding the date of election. In other words, they must be filed 'without' that period and not 'within' it. That is the reasonable construction of said satute —in fact, it is too plain to require construction. If an act must be done thirty days prior to a certain day, if it is done within that thirty-day period, it certainly is not done thirty days prior to the commencement of such period."

Such conclusion was reached notwithstanding Idaho had a statute similar to ours with respect to computing time by

excluding the first day and including the last, etc., but in such respect that court took the same view of such statute as did the South Carolina court. Thus the ·holding of the Idaho court is that there must be thirty clear days between the day of the filing and the day of election, and that, as the statute under consideration did not fix a day upon or a time within which a certificate must be filed, but clearly stated that it must be filed "at least thirty days prior" to the election, it required a filing to be made thirty days without and did not permit one to be made within that period. That is the determining factor here. Does the statute permit a certificate to be filed within the period of fifteen days or must it be filed without that period?

In *Cowie v. Means,* 39 Colo. 1, 88 P. 485, the statute required a certificate to be filed "at least eight days before the election," and it was held that a petition filed on the eighth day was not in time; that to be at least eight days before the election there must eight days intervene between the day of the filing and the day of election.

So, also, is the case of *Graham v. Wellington,* 121 Md. 656, 89 A. 232, where the statute required a certificate to be filed· "not less than twenty-five days" before the day of election. That court, under such statute, held that to be not less than twenty-five days there must intervene twenty-five days between the day of filing and the day of election. Said the court:

"While the general rule, in the computation of time, is to include one day and exclude the other, and not to include or exclude both, there are many decisions which hold that if a statute indicates that there are to be so many clear days, or requiring so many days at least, both are to be excluded."

So, too, in the case of *Iverson v. Perlman,* 137 Md. 62, 111 A. 221, where the statute required a certificate to be filed "not less than twenty days before election," that court again held that there must be at least twenty days between the day of filing and the day of the election, and held that a certifi-

cate filed April 13, when the election was May 3, was not twenty days before the election, and that hence the filing was not in time.

And in *Howes v. Turner,* 1 C. P. D. (Eng.) 670, where the statute required nomination papers to be delivered to the town clerk "at least seven days before the day of election," it was held that meant seven clear days prior to the day of election, and in computing the time both the day of the delivery of the papers and the day of election must be excluded.

Such holding under statutes of that character we believe to be the weight of authority, and by following that line of cases, as well as the principles laid down by other cases and authorities heretofore referred to, it follows that, in computing the period of time, not less than fifteen days before election, fifteen days must intervene between the day of the filing or presentation for filing and the day of election, which here was not the case.

A statute which requires or permits an act to be done within a stated number of days from or after a designated day undoubtedly is done in time if done on the last day of the stated number of days. But a statute which requires an act to be done not less than a stated number of days before a fixed day presents a different proposition. In the one instance the statute prescribes a time within which an act may be done and permits it to be done on any day within such stated period. In the other it prescribes a time after which it may not be done, and hence it must be done without and not within such stated period.

While we appreciate the conflict in the decisions on the subject, yet we believe that interpretation to be the better and the one which in our judgment best reflects legislative intent. We therefore are of the opinion that the clerk properly refused to file the certificate.

The judgment therefore is that the alternative writ heretofore issued be discharged, and the application for a permanent or final writ denied. No costs.