J. N. WILLIAMS v. THOMAS F. WILLIAMS, Appellant.—30 S. W. (2d) 69.

Division One, July 9, 1930.

*Bohling & Bohling* and *H. C. Salveter* for appellant.

*Barnett & Hayes* for respondent.

RAGLAND, J.—An action to determine title. We adopt appellant's statement of the case, with some slight modifications, as follows:

This is a suit by a son, the respondent, against his father, the appellant, under Section 1970, Revised Statutes 1919, to determine interest and quiet title to two lots in the city of Sedalia, Missouri, commenced on the 15th day of July, 1927, in the Circuit Court of Pettis County, Missouri. The appellant, defendant, in his answer and by way of cross-action, alleged that he was the owner of the lots, that the son had no interest therein and asked that the court quiet the title in him.

The following facts were admitted at the trial; that the respondent is the son of the appellant and Julia A. Williams, now deceased; that the appellant and Julia A. Williams were married on February 14, 1878; that on April 29, 1878, they acquired the property involved in this suit and improved the same by erecting a dwelling house thereon containing two apartments, and held the title as tenants by the entirety, and lived together as husband and wife until 1916. The husband then went to Denver, Colorado, and the wife remained in possession of the property up to the time of her death, June 7, 1927, leasing one of the apartments.

On December 29, 1924, the 38th day of the November Term, 1924, of the Pettis County Circuit Court, said court being then in session, adjourned until nine o'clock Wednesday morning, December 31, 1924. The record entry was as follows: "29th day of December, 1924, 38th day of the November Term, 1924. Ordered that court adjourn until nine o'clock Wednesday morning, December 31, 1924."

On the 30th day of December, 1924, Julia A. Williams, the wife of the appellant, filed her petition for divorce and joined a second count in her petition to divest the appellant, her husband, of all his right, title and interest in the property in question, and vest the same in herself. This petition was filed in the circuit clerk's office of Pettis County, Missouri, and the circuit clerk marked it as filed "in vacation," and issued the order of publication as circuit clerk.

The divorce suit and the suit to divest the husband of his right, title and interest in the lots came up for hearing at the May Term, 1925, of the Circuit Court of Pettis County, Missouri. The appellant, the defendant in this suit, and in the divorce suit, not appearing, judgment was rendered by default, the circuit court granted Julia A. Williams, the plaintiff, a decree of divorce and also a decree divesting the husband of all right, title and interest in the lots in question, and vested the same in the plaintiff, his wife.

Afterwards, Julia A. Williams deeded the real estate to her son, the respondent herein, reserving a life estate in the same, and died soon after, and thereupon the respondent brought the present suit as hereinbefore stated.

The title of the respondent stands or falls upon the validity of the order of publication in the case of Julia A. Williams v. Thomas F. Williams, and the only attack made on the order of publication is that it was made by the clerk on the 30th day of December, when the court had adjourned from the 29th day of December to the 31st day of December. If the court was in vacation on the 30th day of December then the order of publication was valid and the judgment in this case should be affirmed. If the court was not in vacation on the 30th day of December, the contrary result must follow.

Whether the adjournment of the court from the 29th day of December, 1924, until nine o'clock in the morning of the 31st day of December, 1924, left the court in vacation on the 30th day of December, 1924, is the sole question presented for determination. .

Section 7058, Revised Statutes 1919, provides:

"The construction of all statutes of this state shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the legislature, or of the context of the same statute: First, words and phrases shall be taken in their plain or ordinary and usual sense . . . ; twenty-second, whenever any act is authorized to be done by or any power given to a court, or judge thereof in vacation, or whenever any act is authorized to be done by or any power given to a clerk of any court in vacation, the words 'in vacation' shall be construed to mean any adjournment of court for more than one day."

What did the Legislature mean by "any adjournment of court for more than one day?" That in the final analysis is the question for solution.

The natural or solar day consists of twenty-four hours, the space of time which elapses while the earth makes a complete revolution on its axis: as ordinarily considered, it is the space of time which elapses between two successive midnights. The court adjourned, that is, suspended action, at some hour on December 29th until nine o'clock A. M. on December 31st. It is manifest that the period of suspension exceeded twenty-four hours; it is equally plain that such period extended beyond the intervening day, if so considered, which commenced at midnight on the 29th and ended at midnight on the 30th. In either view of what may be considered a day the adjournment was "for more than one day."

But ordinarily the law does not consider fractions of a day. A day is an indivisible point of time—it has neither length nor breadth, but simply position, without magnitude. [Edmundson v. Wragg, 104 Pa. St. 500, 502.] If the Legislature had this in mind in phrasing the statute, "for more than one day" means at least two days: an adjournment from one day to the next would be an adjournment for one day, and an adjournment from one day to the day following the next would be an adjournment for two days. The statutory rule for computing time is perhaps not strictly applicable, but it is at least illustrative: exclude December 29th, the day on which court adjourned, and count the intervening 30th and 31st, the day on which court reconvened,—the time is two days.

It does not seem reasonable that the Legislature intended that there should be legal days on which neither the court nor the judge or clerk could act. On the contrary it must have been the legislative purpose to authorize the judge or clerk to act in the intervals between adjournments when such adjournments are for longer periods than from day to day. This is the construction which has long been put upon the statute by judges and clerks of courts of first instance in this State. Unless such construction be plainly and obviously wrong, which cannot be reasonably said, it should be upheld; otherwise, many titles and decrees of divorce would be invalidated.

For the reasons appearing we hold that December 30, 1924, was "in vacation" of the Pettis County Circuit Court. The judgment appealed from is accordingly affirmed. All concur.