(No. 6418. October 3, 1936.)

C. A. OLIASON and V. A. VERHEI, Plaintiffs, v. FRANK-
LIN K. GIRARD, Secretary of State of the State of
Idaho, Defendant.

[61 Pac. (2d) 288.]

Maurice H. Greene, for Plaintiffs.

W. H. Langroise, for Defendant, filed no brief.

AILSHIE, J.—On August 11, 1936, members of the Union Party, pursuant to the provisions of sec. 33–639, I. C. A., held a nominating convention at Boise, and nominated their candidates for the ensuing general election to be held November 3d. On September 24th a certificate of nomination of the candidates selected at the convention was delivered to the secretary of state for filing. At the same time filing fees of $140 for the candidates nominated were tendered. The secretary of state refused to file the certificate or to accept the fees, on the sole ground that the certificate was tendered *one day too late*, under the provisions of sec. 33–644, I. C. A., requiring such certificates to be filed "not more than sixty days and not less than forty days before the ensuing general election."

September 28, 1936, C. A. Oliason, chairman of the Union Party and presidential elector nominated at the convention, and V. A. Verhei, nominee for governor on the nominating ballot, filed a petition in this court for writ of mandate, directed against the secretary of state, praying for issuance of an alternative writ. Alternative writ of mandate issued on September 30th, commanding Franklin Girard, secretary of state, to file in his office the certificate of nomination of the candidates for public office of the Union Party, and accept the filing fees required by law to be paid by said candidates, and otherwise comply with the election statutes in reference thereto, or show cause on October 1st why he should not do so. Defendant secretary of state filed de-

murrer to the petition and the cause has been heard on the issues of law thus raised.

In the final analysis the case before us reduces itself to this inquiry: Does the statute (sec. 33–644), providing that a nomination certificate must be filed "not less than forty days before . . . . election," require forty days to intervene between the date of filing and election day; or may the day of filing be counted as one of the forty days?

There are two distinct lines of authorities construing similar statutes to the one we have before us and some modifications of the rules they state. (62 C. J., pp. 983–985.) The group of cases, holding that the last day for doing the act is ascertained by excluding the initial, or first, day (in this case election day) and including the last or filing date, includes *Cosgriff v. Board of Election Commrs., etc.,* 151 Cal. 407, 91 Pac. 98, followed and approved in *Sweatt v. Dominguez,* 216 Cal. 527, 15 Pac. (2d) 151, *Galusha v. Meserve,* 58 Cal. App. 174, 208 Pac. 348, 350, *Antelope Valley Union H. S. Dist. v. McClellan,* 55 Cal. App. 244, 203 Pac. 147, *In re Espinosa's Estate,* 179 Cal. 189, 175 Pac. 896, *Phillips v. Johnson,* 50 N. D. 781, 197 N. W. 879, (commenting on *Seawell v. Gifford,* 22 Ida. 295, 125 Pac. 182, Ann. Cas. 1914A, 1132), and *State v. Board of Deputy State Supervisors et al.,* 93 Ohio St. 14, 112 N. E. 136, at 137. Others to the same effect are: *State v. Superior Court,* 168 Wash. 176, 11 Pac. (2d) 229; *Consolidated Ind. School Dist. v. Martin,* 170 Iowa, 262, 152 N. W. 623; *State v. Dewey,* 73 Neb. 396, 102 N. W. 1015; *State v. Erickson,* 152 Minn. 349, 188 N. W. 736; *State v. Schimelpfenig,* 192 Minn. 55, 255 N. W. 258; *In re Ellwood City Borough's Election Contest,* 286 Pa. 257, 133 Atl. 379, citing *In re Alexander,* 280 Pa. 209, 124 Atl. 419; see, also, *State ex rel. Smith v. Marsh,* 120 Neb. 287, 232 N. W. 99, 72 A. L. R. 285.

Among those holding that both days must be excluded and the full number of "clear days" must intervene are *Wood v. Cowan,* 68 Utah, 388, 250 Pac. 979; *Seawell v. Gifford,* 22 Ida. 295, 125 Pac. 182, Ann. Cas. 1914A, 1132; *State v. Macy,* 82 Or. 81, 161 Pac. 111; *Jones v. Hinderer,* 7 Boyce (30 Del.) 516, 108 Atl. 737; *In re Gregg's Estate,*

213 Pa. 260, 62 Atl. 856; *Iverson v. Perlman,* 137 Md. 62, 111 Atl. 220; *Austin Nichols & Co. v. Gilman,* 100 Conn. 81, 123 Atl. 32; and see *Adkins v. Moore,* 43 S. C. 173, 20 S. E. 985.

The case of *Seawell v. Gifford,* 22 Ida. 295, 125 Pac. 182, Ann. Cas. 1914A, 1132, was decided by this court in 1912, under a statute reading:

"Each candidate for office, or some qualified voter in his behalf, shall file a nomination paper in the proper office, as herein provided, at least thirty days, and not more than sixty days, prior to the primary."

Under the law as then existing, the primary was to be held on July 30th. The nomination paper was not filed until July 1st, which left only twenty-eight days intervening *between the date of offering the certificate for filing and the date of election,* so that, in order to hold that the certificate was offered for filing in time, it would have been necessary to count both the date of the filing and the date of election, to make the aggregate of thirty days required by the statute. This court held that such a filing would not have been *"at least thirty days .... prior to the primary."* Neither would the filing have been in time in that case, had the rule of the statute (sec. 70–109, I. C. A.) been adopted which provides that:

"The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last is a holiday, and then it is also excluded."

In the case before us the certificate was offered for filing on September 24th and the election falls on November 3d. This would leave thirty-nine days intervening *between* the date the certificate was offered for filing and the date set for election. The statute under which this filing is offered reads as follows:

"Certificates of nomination to be filed with the secretary of state shall be filed not more than sixty days and *not less than forty days before* the ensuing general election." (Sec. 33–644, I. C. A.)

If we count the day on which the certificate was presented for filing in this case we have exactly forty days *before election day*.

The statute, sec. 70–109, I. C. A., above quoted, provides a general rule for computing time in order to determine the date on which "any act provided by law is to be done."

In *Seawell v. Gifford, supra,* this court, in speaking of the application of the foregoing statute, said:

"In the case under consideration, however, the statute does not fix the day upon, or the time within, which the certificate is to be filed, but declares that it shall be filed 'at least 30 days' prior to the day of the primary election, and to hold it could be filed 29 or 28 days prior to such date would be a clear disregard of the plain provisions of said statute."

█ It is true that the statute there under consideration, as well as the one before us now, "does not fix the day" when the certificate shall be filed. However, it does "provide by law" for doing the act of filing a certificate and likewise provides the method of determining the time at which the act shall be performed, by declaring that "it shall be filed . . . . not less than forty days before the ensuing general election." It is, therefore, clear to us that the rule for computation of time, as specified by sec. 70–109, I. C. A., is applicable in determining the maximum and minimum time within which the filing may be made under the nomination statute. (Sec. 33–644.)

█ In order to locate the limits of the period within which a filing may be made, we must first ascertain the date on which the election is to be held and count sixty days backward from that day to find the first day on which a filing may be made. This year the election is to be held November 3d, and the period within which nominations might be filed with the secretary of state commenced with and included the sixtieth day next prior to that date, or September 4th, and ended with and included September 24th. If we follow the mandate of the statute (sec. 70–109) in the present case, and *exclude the first* or initial *day* (election day) *and include the last day,* we will find that

the certificate here involved was tendered for filing on the fortieth day before election day. This was in time.

It must be remembered that the statute says *"filed . . . .* not less than *forty days* before election"; it does not say that the filing shall be *prior to 40 days before election* or that the act of filing shall be on the *41st day before the election;* nor does it say that *40 days shall intervene between election day and the filing.* In this statute it was necessary that the words *not less than, at least,* or other words of similar import be used because of the fact that the maximum time of sixty days before election was allowed; so that the filing may be made at any time within a 20-day range between sixty and forty days before election day. It therefore became imperative that the draftsman of the statute use some appropriate words of limitation in fixing the minimum approach in point of time to election day for the act of filing the certificate. In this statute it was fixed at forty days.

█ Now we must bear in mind that it is the generally accepted rule, that, "The law takes no notice of fractions of a day. Any fraction of a day is deemed a day unless in a particular case it is necessary to ascertain the relative order of occurrences on the same day." (*Municipal Improvement Co. v. Thompson,* 201 Cal. 629, 258 Pac. 955; *Williams v. Williams,* 325 Mo. 963, 30 S. W. (2d) 69; *Talbott v. Caudill,* 248 Ky. 146, 58 S. W. (2d) 385, 386; *Dallas County v. Reynolds,* (Tex. Civ. App.) 199 S. W. 702; 62 C. J., sec. 27, p. 978.)

The mere act of filing the certificate is almost momentary, (*Estate of Dunn,* 45 Ida. 23, 260 Pac. 432) and the only act to be performed is that the certificate "be filed." The statute bears no intimation or evidence of intention on its face that this act of filing may not be done on the fortieth day. No matter at what time in the day it is "filed," in contemplation of law it is on file all of that day, every moment of the twenty-four hours. If it be held that the statute required this certificate to be filed on the 41st day prior to election day, then, in contemplation of law, it would be filed the whole of that day, and we would be re-

quiring the certificate to be filed forty-one days before election instead of forty, as the statute says. At the very instant of time on which the 41st day before election day passed into the yesterdays and the 40th began to be, this tendered nomination certificate was, in contemplation of law, on file or there for filing.

In the Seawell case, *supra*, this court expressed the contrary view from what we have just stated. There the statute required that the paper should be filed "at least thirty days prior to the primary." This court held that the filing must be made "*without* that period and not *within* it"; in other words, that the thirty days must intervene between the date of filing and the election day, the court saying:

"Said section of the statute provides that such papers must be filed at least thirty days prior to the primary election. Now, if such papers must be filed thirty days prior to the day of election, they cannot be legally filed within the thirty days next preceding the date of election. In other words, they must be filed 'without' that period and not 'within' it. That is the reasonable construction of said statute,—in fact it is too plain to require construction. If an act must be done thirty days prior to a certain day, if it is done within that thirty day period, it certainly is not done thirty days prior to the commencement of such period."

It may well be doubted if the foregoing was necessarily involved or essential to the decision of that case, for the reason that it was admitted that there were only twenty-eight days from the date the certificate was offered for filing to election day; so that under no theory of computation of time could it be held that the certificate there tendered was entitled to be filed.

It is only fair to the secretary of state and all parties concerned here, to say that the secretary was justified in following the statements of this court as made in the Seawell case, and that in doing so he would necessarily reach the conclusion that the certificate here presented was not presented in time; in other words, that there were not forty days remaining *between the date when the certificate was offered for filing and the date fixed by statute for election.* We are

constrained, however, to hold to the contrary view to that expressed in the Seawell case, both in respect to the application of the rule for computation of time, as provided by sec. 70–109, and the holding that the full number of days prescribed must intervene *between the date of filing* and *election day*. The case of *Seawell v. Gifford* is therefore overruled in the respects hereinabove stated.

It seems to us that the very fact, that the language of the statute is of such doubtful and ambiguous character and import that men skilled in interpreting the law differ on its meaning, is in itself a compelling reason for giving to it a construction liberal enough to protect a filing by any one who might be relying on the most liberal construction a reasonable person might place on the statute. After all, these statutes are enacted for the guidance of the voters at large as well as politicians and public officers, and as we have heretofore had occasion to say:

"A statute written in the plain and ordinary language in common every-day use, dealing with a subject that is neither technical nor scientific, should be construed as the ordinary reading public would read and understand it." (*Howard v. Grimes Pass Placer Min. Co.*, 21 Ida. 12, 15, 120 Pac. 170, Ann. Cas. 1913C, 284.)

It is perfectly obvious, from an examination of the above cited cases, that many people, both lay and professional, understand the language in which this statute is written to mean, that the filing may be made on the fortieth day preceding election day, and would so compute the time and act accordingly; while others would take a contrary view. In the light of such evident room for doubt and difference, the doubt should be resolved in favor of the plain citizen who is trying to avail himself of the privileges the statute is intended to confer.

The certificate should be filed. Demurrer overruled. Peremptory writ will issue.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.