THE STATE OF WYOMING, on the relation of
LOUISE A. (MRS. ABBOTT S.) POND, A. E. LAR-
SON, ROBERT S. COX and DAN HANSON,

*Relators,*

vs.

EVERETT T. COPENHAVER, as Secretary of State
for the State of Wyoming,

*Defendant.*

(No. 2776; October 9, 1956; 301 Pac. (2d) 1066)

For the relators, the cause was submitted upon the brief and also oral argument of Vincent A. Ross of Cheyenne, Wyoming.

For the defendant, the cause was submitted upon the demurrer and conditional answer to the petition of the defendant, and oral argument by George A. Guy, Attorney General, Howard B. Black, Deputy Attorney General, and Arthur F. Fisher, Assistant Attorney General, all of Cheyenne, Wyoming.

## OPINION

PER CURIAM.

Relators herein having filed a "Petition for Writ of Mandamus"; defendant by his counsel having demurred thereto, relators having requested, and been granted, permission to amend their said petition by adding the words "The State of Wyoming on the relation of" immediately prior to their listing of names, and after argument on the said demurrer, defendant having conditionally filed answer, and the court having heard argument, and being advised, and

It appearing to the court from pleadings, arguments, and statements of counsel:

(1) That relators' purported presentation of certificate of nomination was made on September 27, 1956, and that the date for general election in the State of Wyoming for the year 1956 is November 6;

(2) That at the time of the hearing in this court, many, if not all, of the ballots in the State of Wyoming had been printed and many had been actually used by electors in absentee voting, and that great expense and inconvenience would be incurred by the various counties of the State of Wyoming and great inconvenience experienced by the citizens of the State of Wyoming and its voters if the presently printed ballots were to be recalled;

(3) That many absentee voters, especially soldiers and others overseas, would by a reprinting of the ballots actually be deprived of their right of suffrage in the year 1956;

(4)   That it seems that it would be impossible to legally provide an absentee voter with a new ballot which could be legally voted in cases where such absentee voters may have already cast the first ballot received by him;

(5)   That under the provisions of § 3-104, W.C.S. 1945, the effective Wyoming statute relating to the computation of time, "the time within which an act is required by law to be done, shall be computed by excluding the first day and including the last," less than forty days existed between the time the relators presented their certificate of nomination to the defendant and "before the day fixed by law for general election" for Wyoming in 1956.   See § 31-710, W.C.S. 1945, as amended;

(6)   That there was no showing in applicants' petition of the circumstances which in the opinion of said applicants rendered it necessary or proper that the writ should issue originally from the supreme court and not from a court of general jurisdiction in the State of Wyoming, and said omission is in direct violation of § 1-428, W.C.S. 1945;

(7)   That the issuance of a Writ of Mandamus is discretionary; and that this court, considering all equities of the situation, and the late time at which applicants have presented the matter to the officials and to this court, and further considering the delay, expense, inconvenience, and deprivation of suffrage to the citizens of the State of Wyoming, should exercise its discretion and deny issuance of said writ.

Wherefore, the Writ of Mandamus prayed by relators is hereby denied.