STATE of Wyoming ex rel. Carl A. JOHNSON, Relator-Petitioner,

v.

Jack R. GAGE, Secretary of State, Defendant.

No. 3140.

Supreme Court of Wyoming.

Aug. 15, 1962.

Carl A. Johnson, petitioner, pro se.

W. M. Haight, Deputy Atty. Gen., and George J. Argeris, Asst. Atty. Gen., Cheyenne, for defendant.

Before BLUME, C. J., and PARKER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The attorney general has filed a motion to dismiss the petition of Carl A. Johnson for a writ of mandamus to compel the secretary of state to accept and certify his nomination application which was tendered at the office of the secretary of state at 4:40 p. m. on Thursday, July 12, 1962. The nomination application is for the office of State Auditor on the Democratic Ticket and relates to the Primary Election to be held on Tuesday, August 21, 1962.

Section 17, Chapter 235, S.L. of Wyoming, 1961, provides that nomination applications such as the one here involved shall be filed "not more than ninety (90) days and not less than forty (40) days next preceding the primary election." Section 3(b) (Definitions) of the same chapter provides that periods of time mentioned in the act shall be computed by excluding the first and including the last day, unless otherwise specifically provided.

In order to focus attention on the 40 days next preceding the 1962 primary election, we are setting out a 1962 calendar for the months of July and August with those particular days blocked in and separated.

JULY 1962

| SUN | MON | TUE | WED | THU | FRI | SAT |
|-----|-----|-----|-----|-----|-----|-----|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

AUGUST 1962

| SUN | MON | TUE | WED | THU | FRI | SAT |
|-----|-----|-----|-----|-----|-----|-----|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

The foregoing calendar demonstrates that Thursday, July 12, is a part of the 40-day period preceding the 1962 primary election. Consequently, a filing on that day would be less than 40 days "next preceding the primary election."

In computing time under a statute such as the one here involved, by the statutory rule of excluding the first day and including the last day, there seems to be a difference of opinion as to whether election day is the last day of the period of time to be computed or whether the day "next preceding" election day is the last day of the period being computed. See 18 Am.Jur., Elections, § 130; 52 Am.Jur., Time, § 17; 86 C.J.S. Time § 13(5). Our statute clearly refers to not less than 40 days next preceding the primary election. Webster's Third New International Dictionary (1961) defines "next" as "being the nearest" and "preceding" as "going before." Any reasonable interpretation of these words could not possibly mean to include the day of election as a day to be considered in the computation.

We realize that some courts have arrived at a different result by counting backwards, and the petitioner has called a number of these cases to our attention. State ex rel. Smith v. Appling, 223 Or. 576, 355 P.2d 760; State ex rel. Burns v. Lacklen, 129 Mont. 243, 284 P.2d 998; State ex rel. Earley v. Batchelor, 15 Wash.2d 149, 130 P.2d 72; Donohoe v. Shearer, 53 Wash.2d 27, 330 P.2d 316; Oliason v. Girard, 57 Idaho 41, 61 P.2d 288; Barron v. Green, 13 N.J.Super. 483, 80 A.2d 586. Generally speaking, in the cases quoted and relied upon, the result is reached by considering the day of election as the first day and the day of filing as the last day. The rule that periods of time shall be computed by excluding the first and including the last day was applied in every case. We do not doubt the sincerity of those who adhere to such opinions but note that several of these were by divided courts with strong dissents.

We observe further that there are a substantial number of opinions, if not actually the numerical majority, which recognize that when the words "not less than," "at

least," etc., are used in a statute the literal employment of the computation rule is improper. Treat v. Town Plan and Zoning Commission of Town of Orange, 145 Conn. 136, 139 A.2d 601; Ribeiro v. Town of Andover, 19 Conn.Sup. 438, 116 A.2d 769; Pumphrey v. Stockett, 187 Md. 318, 49 A.2d 804; Iverson v. Jones, 171 Md. 649, 187 A. 863; Iverson v. Perlman, 137 Md. 62, 111 A. 220; Graham v. Wellington, 121 Md. 656, 89 A. 232; Stein Steel & Supply Company v. Tate, 94 Ga.App. 517, 95 S.E.2d 437; Murchison v. Darden, Tex.Civ.App., 171 S.W.2d 220. These courts often arrive at their conclusions by saying that both the first and the last days must be excluded. We have already resolved the matter realistically by indicating in State ex rel. Pond v. Copenhaver, 76 Wyo. 326, 301 P.2d 1066, 1067, that the day upon which the computation begins must be "before" or "next preceding" the day of election. The result is the same.

The petitioner's philosophy is reflected by the statement contained in his brief that the secretary of state may not enlarge the time "from a correct 39 days to an incorrect 40 days." This view is contrary to the express provision of the statute and contrary to our pronouncement in State ex rel. Pond v. Copenhaver, supra.

In 1961 the legislature made a general revision of election laws, including the statute relating to the filing of nomination applications. It did nothing to indicate an intention contrary to the rule of the Copenhaver case, and we can only assume that it intended the new enactment to be subject to the same interpretation. Furthermore, Johnson himself must have known or should have known that the statute pertaining to the filing as it had been interpreted by us required his nomination application to have been received by July 11.

The issuance of a writ of mandamus is discretionary, and aside from our disagreement with petitioner's computation of time, the writ must be denied for the same reasons as enumerated in State ex rel. Pond v. Copenhaver, supra.

Writ of mandamus denied.

Mr. Justice HARNSBERGER not participating.