ANTONIO RIBEIRO *v.* TOWN OF ANDOVER ET AL.

SUPERIOR COURT      TOLLAND COUNTY      FILE NO. 6641

Memorandum filed July 21, 1955.

*David M. Reilly, Jr.,* of New Haven, for the plaintiff.

*John D. LaBelle,* of Manchester, for the defendants.

KING, J. This is an action, in three counts, attaching the validity of the last sentence of article 4 of the zoning regulations for the town of Andover. This sentence was added as an amendment to the zoning regulations of Andover as originally adopted. The defendants are the town of Andover and the zoning commission of Andover. The amendment, which is the sole matter in controversy here, reads as follows: "The importation of garbage for pig raising or any other reason is unlawful."

The parties presented considerable evidence on the plaintiff's claim, included in count three, that at the time of enactment of the purported amendment he had an existing nonconforming use which was entitled to protection under the provisions of §1 of article 5 of the zoning regulations. Count one raises the claim that the regulation in question is beyond the power of the zoning commission to enact and seeks a declaratory judgment to that effect; count

two seeks a permanent injunction against enforcement of the regulation; and count three includes a claim that the purported regulation infringes upon the powers which the General Assembly has placed in the exclusive jurisdiction of the board of appeals and also seeks a permanent injunction against enforcement of the regulation.

However, on May 20, 1955, the third count was amended by adding, inter alia, a claim that (1) the public hearing on the adoption of the amendment to article 4 was held October 13, 1952; (2) a copy of the proposed regulation was not filed at least ten days before the hearing; (3) because of this procedural defect the zoning commission had no jurisdiction to hear and act upon the proposed regulation; and (4) in consequence, the amendment never became legally operative. This claim, if sound, is decisive and dispositive of the controversy and would make unnecessary, and moot, any consideration of the plaintiff's other claims as to the invalidity of the amendatory regulation.

It was established by the defendants' answer to interrogatory No. 6 of the plaintiff's motion for disclosure by interrogatories that the copy of the proposed amendatory regulation was first filed in the office of the town clerk of the defendant town at 9 p.m. on October 4, 1952. *Bochicchio* v. *Petrocelli*, 126 Conn. 336, 339. Indeed, this fact was conceded, as was the further fact that the public hearing prior to the adoption of the amendatory regulation was held on October 13, 1952. See also defendants' answer to interrogatory No. 1 of the plaintiff's abovementioned motion for disclosure by interrogatories.

Under the provisions of § 157b of the 1951 Cumulative Supplement (as amended, Cum. Sup. 1953, § 282c), which was the applicable statute in 1952, a copy of the proposed amendatory regulation was

required to be filed with the town clerk in Andover "for public inspection at least ten days before" the public hearing required to be held by the zoning commission as a prerequisite to its adoption of the proposed change in the zoning regulations.

A municipal legislative body, such as Andover's zoning commission in the instant case, must act in accordance with the requirements of law if its action is to be upheld. *Jack* v. *Torrant,* 136 Conn. 414, 420. An important requirement in the instant matter was that any member of the public should have at least ten days before the public hearing in which he might examine the proposed regulation in the town clerk's office and determine whether he should attend the hearing and support or oppose adoption of the proposed regulation. This requirement is of particular importance since the statute, § 157b, did not require (although of course it permitted) the printing of the complete proposed regulation in the newspaper notices of the public hearing. In other words, this was no mere directory provision serving no basically important purpose. *State ex rel. Perry* v. *Raacke,* 19 Conn. Sup. 248, 252; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 250; *Smith* v. *F.W. Woolworth Co.,* 142 Conn. 88, 94.

When there is a requirement that an act be performed "at least . . . days before" a stated time, neither terminal day can be included in the computation of the period. *Alderman* v. *West Haven,* 124 Conn. 391, 397. Since the proposed regulation was not filed in the town clerk's office until October 4, 1952, October 15, 1952, was the earliest date at which the meeting legally could have been held, and this would have been two days later than the day on which it actually was held. It follows that the proceedings were a nullity, the purported amendment was never legally adopted, and it is without operative effect. *Alderman* v. *West Haven,* supra.

The defendant in a special defense has alleged waiver and estoppel in that as late as April, 1954, the plaintiff applied for a variance and took an appeal from its refusal which was decided adversely to him in a judgment of the Court of Common Pleas rendered November 30, 1954. This defense cannot succeed, because the plaintiff did not discover until shortly before the time he filed the amendment to his complaint in this case (May 20, 1955) that the proposed amendatory regulation had not been filed in the town clerk's office ten days before the hearing as required by law. Under such circumstances, he could not be charged with any intentional relinquishment of a known right, which is an essential to a waiver under our law. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 475.

Neither did the defendants prove any estoppel. They cannot claim prejudice because the plaintiff did not assume, and did not discover, that they had failed to follow the law. Indeed he was entitled to assume, in the absence of anything to put him on notice that such an assumption was unwarranted, that a public board such as the defendant zoning commission had obeyed the law and acted in accordance with law. *Ives* v. *Lynn,* 7 Conn. 505, 513; *Hart* v. *Tiernan,* 59 Conn. 521, 526. The defendants also failed to prove any prejudice in fact to anyone sufficient to warrant validating, as against this plaintiff, this wholly inoperative regulation. *National Transportation Co.* v. *Toquet,* supra, 478. It must not be overlooked that the invalidity decisive of this case did not consist in the particular application of the amendatory regulation to this plaintiff but in the invalidity of the amendatory regulation itself. *Florentine* v. *Darien,* 142 Conn. 415, 428.

There is no estoppel by judgment or res adjudicata by reason of the decision in the Court of Common Pleas, because the invalidity here found decisive was

never considered or mentioned in that court. *Herrup* v. *Hartford,* 140 Conn. 622, 628. It is true, of course, that a person cannot try a case through withholding, or even negligently failing to raise, a vital claim, and subsequently, after an adverse judgment, institute a new action to try out that claim. *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 217. But that rule has no application here, as hereinbefore more fully pointed out, since the plaintiff had no reason to know, and did not know, of this decisive invalidity of the amendatory regulation until long after the rendition of the judgment in the Court of Common Pleas. It was a matter peculiarly within the knowledge of both the defendant zoning commission and the defendant town, and they alone are at fault for any delay in bringing the matter to light. *National Transportation Co.* v. *Toquet,* supra, 475.

The defendants' claim that the plaintiff, in taking the appeal to the Court of Common Pleas, made an election of remedies is likewise without merit. Id., 479.

It perhaps should be mentioned that the defendant zoning commission apparently acted in the premises without seeking legal advice, so that no member of the bar is involved in, or in any way responsible for, the procedural invalidity. Also, it is hardly necessary to point out that nothing herein in any way approves the form or content of the regulation in question or adjudicates it to be valid as against any of the other attacks made upon it by the plaintiff, each of which should be carefully considered by the defendant zoning commission with the assistance of competent counsel before any future enactment of any similar provision.

There is, however, one defect in the procedure in this action as far as the rendition of a declaratory judgment is concerned under count one. There

should have been some form of notice to persons, other than the named defendants, whose rights would or might be affected by a general adjudication of the invalidity of this amendment. Practice Book, § 277(d); *National Transportation Co.* v. *Toquet,* supra, 484; *Adams* v. *Greenwich Water Co.,* 138 Conn. 205, 217. In the absence of such notice, a declaratory judgment should not enter. This requires a judgment for the defendants under count one.

On the other hand the plaintiff is entitled as an individual, under count three, to permanent injunctive relief against the enforcement, as to him, of this void zoning regulation. *Smith* v. *F.W. Woolworth Co.,* 142 Conn. 88, 93.

Since the decision on the issue adjudicated under count three is decisive of the case, the other issues raised in count three and those raised in count two are not passed upon, and judgment should enter for the defendants under count two, also.

Accordingly, judgment may enter in favor of the defendants under count one and two; and in favor of the plaintiff under count three against both defendants, permanently enjoining the enforcement, as against the plaintiff, of the last sentence, above quoted, of article 4 of the zoning regulations of Andover, by the defendants, or either of them or the officers or agents of either or both of them, under penalty of $1000. *Lawton* v. *Herrick,* 83 Conn. 417, 425; Practice Book, Form No. 517. No costs are to be taxed to any party. *Wilson* v. *Root,* 80 Conn. 227, 233; Practice Book, § 279.