Fred M. LANGTON

v.

Stanwood A. DEMERS, d/b/a
Stanwood Music.

No. 80–133–Appeal.

Supreme Court of Rhode Island.

Nov. 24, 1980.

Dennis J. Roberts, II, Atty. Gen., Perry Shatkin, Chief Legal Officer (Taxation), Robert M. Geruso, Legal Officer (Taxation), Providence, for appellee.

Stanwood A. Demers, pro se.

OPINION

BEVILACQUA, Chief Justice.

This is the plaintiff's[1] appeal from the dismissal by a justice of the Superior Court

1. This is a petition for declaratory judgment, an independent action, which was erroneously given the caption and Superior Court number of an earlier case from which the present action stems. The proper caption is the one employed by petitioner: *Stanwood A. Demers v. John H. Norberg, Tax Administrator.*

of the plaintiff's complaint in which he sought a declaration of entitlement to compensation for alleged illegal disposition of certain personal property previously attached by the sheriff of Kent County prior to a judgment entered for the defendant in its suit to recover a sales tax deficiency.[2]

The record discloses that plaintiff failed to file sales tax returns for a period from November 1962 to July 1966. During this period he apparently refused to collect sales tax on the musical instruments he sold. In 1966, defendant assessed a deficiency determination against Demers in the amount of $2,589.94.

On October 4, 1966, defendant filed a complaint in Superior Court against Demers. Nine days later, the sheriff of Kent County attached the merchandise in Demers's place of business. The defendant's motion for summary judgment was granted on November 10, 1966. The trial justice held that plaintiff lacked standing to challenge the validity of the tax because he failed to comply with the provisions of G.L. 1956 § 44–19–18,[3] which requires the taxpayer to pay the administrator the amount alleged outstanding. Accordingly, judgment was entered for defendant in the amount of $2,589.94.

In his complaint, plaintiff assumed that the sheriff's attachment of his merchandise amounted to a levy pursuant to the judgment and execution. The record, however, does not indicate, nor has plaintiff alleged, that defendant ever levied upon the execution issued on his judgment. Furthermore, it is apparent from the record that defendant never had control over plaintiff's merchandise.

The issue that confronts us is whether the trial justice abused his discretion in denying declaratory relief.

■ An examination of the record reveals that plaintiff neglected to make the

sheriff who had initially exercised some control over the merchandise a party to the action. Such failure ignores G.L. 1956 (1969 Reenactment) § 9–30–11, a mandatory procedure, imposing a burden on a party seeking declaratory relief to join "all persons * * * [as] parties who have or claim any interest which would be affected by the declaration * * *." The section provides further that "no declaration shall prejudice the rights of persons not parties to the proceeding." Failure to comply with the requirements of this section is ordinarily fatal to the action. Any declaratory judgment, therefore, would have no binding effect on the sheriff who made the original attachment fourteen years ago. Under these circumstances plaintiff is foreclosed from seeking declaratory relief.[4] To hold otherwise would defeat "one of the essential purposes of the declaratory judgments act which as stated in G.L. 1956, § 9–30–6, is to 'terminate the uncertainty or controversy giving rise to the proceeding.'" *In re City of Warwick*, 97 R.I. 294, 297, 197 A.2d 287, 288 (1964).

■ Even if we were to assume, however, that plaintiff had standing to seek declaratory relief, the appeal would still fail. We are of the opinion that plaintiff failed to establish the essential prerequisite of the existence of an actual or justiciable controversy. *Millett v. Hoisting Engineers' Licensing Division of the Department of Labor*, R.I., 377 A.2d 229 (1977); *Malinou v. Powers*, 114 R.I. 399, 333 A.2d 420 (1975). We have stated clearly that the Uniform Declaratory Judgments Act requires that there be a justiciable controversy between plaintiff and defendant. The act does not authorize the Superior Court to give an advisory opinion upon hypothetical facts that are not in existence or may never come into being. *Berberian v. Travisono*, 114 R.I. 269, 332 A.2d 121 (1975).

---

**2.** *Langton v. Demers*, 102 R.I. 375, 230 A.2d 870 (1967).

**3.** General Laws 1956 § 44–19–18, was amended by P.L. 1976, ch. 140, § 27 and subsequently reenacted in 1980.

**4.** The chance of success in any action by plaintiff against the sheriff who served the process approximately fourteen years ago is highly remote.

For this reason the trial justice correctly refused to outline the defendant's administrative powers and duties. He determined that this was not a proper issue because these powers are clear and unambiguous. In reading the record, we find that the defendant failed to levy upon the execution and that such failure discharged the attachment upon the plaintiff's merchandise thirteen years ago. In view of this course of action, the defendant never had any control over the property and accordingly would not be liable for disposition of the merchandise. Therefore, no justiciable controversy existed and the trial justice did not abuse his discretion in denying the plaintiff's request for relief pursuant to G.L. 1956 (1969 Reenactment) § 9–30–1, as amended by P.L. 1970, ch. 373, § 10.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.