**Richard THOMPSON et al.**

**v.**

**TOWN COUNCIL OF the TOWN OF WESTERLY et al.**

**No. 83–110–Appeal.**

Supreme Court of Rhode Island.

Jan. 30, 1985.

J. Peter Doherty, Sharon Springs, N.Y., for plaintiff; Harold E. Krause, Jr., Providence, of counsel.

Louis B. Cappuccio, Town Sol., John P. Toscano, Jr., Westerly, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is an action for declaratory judgment to determine the validity of the action

of the Town Council of Westerly in rezoning approximately three acres of real estate in the said town.

The facts in the case are not in dispute. The record indicates that on December 14, 1981, the Town Council of the town of Westerly (defendant in this action) granted a petition filed by John J. Gencarella (Gencarella) to rezone property owned by him located on U.S. Route 1 in Westerly. The property was changed from an R–1 (residential) to a 3–1 (business) classification.

At the hearing before the town council, plaintiffs in this action, Richard and Carol Thompson filed an objection to the zoning change. Notwithstanding their objection, defendants granted Gencarella's petition to rezone his property. Thereafter, plaintiffs filed a complaint in the Superior Court for declaratory relief in which they demanded that the actions of the Westerly Town Council be declared illegal and that a preliminary injunction be entered enjoining the building inspector from issuing a building permit for the Gencarella property.

Prior to trial, defendant, in accordance with Rule 12(b)(7) of the Superior Court Rules of Civil Procedure filed a motion to dismiss the action because an indispensable party, namely Gencarella, had not been joined as required by G.L.1956 (1969 Reenactment) § 9–30–11 of the Declaratory Judgments Act. The trial justice denied the motion to dismiss.

Subsequently a hearing was held on the complaint; however, several weeks after the hearing but before a decision or final judgment had been entered, Gencarella sought to intervene. He also made a motion to dismiss the complaint for failure to join him as an indispensable party. The trial justice denied both of these motions.

In his decision, the trial justice found the rezoning attempt by the Westerly Town Council to be "contrary to law" and enjoined the building inspector from issuing a building permit for the subject property other than for those uses permitted in a residential zone. Judgment was entered for plaintiffs. Subsequently, defendant and Gencarella both filed appeals from said judgment.

The only question we are required to decide is whether the trial justice's failure to grant the defendant's motion to dismiss the action for failure to join an indispensable party was in error.

Section 9–30–11 provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

This court has held that this provision is mandatory and that failure to join all persons who have an interest that would be affected by the declaration ordinarily is fatal to an action. *Langton v. Demers,* R.I., 423 A.2d 1149, 1150 (1980); *In re City of Warwick,* 97 R.I. 294, 296, 197 A.2d 287, 288 (1964).

In the case of *In Re City of Warwick,* we said that failure to join each board member in a suit to determine the mode and manner of selection of members of the board of canvassers, the zoning board of review, and the board of assessment "deprives the decree appealed from of any binding effect as to the board members not joined and could in the future lead to needless litigation if the rights declared [therein] were attempted to be enforced against them." 97 R.I. at 296–97, 197 A.2d at 288.

Recognizing that one of the primary purposes of the Declaratory Judgments Act is to facilitate the termination of controversies, *Fireman's Fund Insurance Co. v. E.W. Burman, Inc.,* 120 R.I. 841, 845, 391 A.2d 99, 101 (1978) and *Millett v. Hoisting Engineers' Licensing Division,* 119 R.I. 285, 291, 377 A.2d 229, 233 (1977), we have held that the court could not generally assert jurisdiction in situations in which the judgment would not be binding on all persons who have an interest in the dispute. *Langton v. Demers,* 423 A.2d at 1150; *In Re City of Warwick,* 97 R.I. at 296, 197 A.2d at 288.

■ In the present case, John Gencarella is the owner of the property that is the subject of this dispute. He was not joined as a defendant in this action. The zoning change had been requested by him and was directed at property of which he is the sole owner. We believe that he has an interest that is affected by the declaration and that failure to join him in the action warrants its dismissal.

Any other result would defeat "one of the essential purposes of the [D]eclaratory [J]udgments [A]ct which as stated in G.L. 1956, § 9–30–6, is to 'terminate the uncertainty or controversy giving rise to the proceeding.'" *In Re City of Warwick,* 97 R.I. at 297, 197 A.2d at 288; *see also Langton v. Demers,* R.I., 423 A.2d 1149 (1980).

Our review of cases from other jurisdictions further reinforces our holding that Gencarella was an indispensable party who had to be joined in the action before it could proceed to judgment. Several courts have held that when a suit is brought challenging the validity of a rezoning amendment, the landowners in the affected zone must be made parties to the proceedings. *Ribeiro v. Town of Andover,* 19 Conn. Supp. 438, 116 A.2d 769 (1955); *Terner v. City of Peekskill,* 124 N.Y.S.2d 24 (1953); *Cathcart-Maltby-Clearview Community Council v. Snohomish,* 96 Wash.2d 201, 634 P.2d 853 (1981); *see also* 4 Anderson, *American Law of Zoning,* § 28.04 (2nd ed. 1977); 1 Anderson, *Actions for Declaratory Judgments,* § 138 (1951).

The plaintiffs contend that by requiring that interested property owners be joined in a suit attacking the validity of a zoning ordinance, procedural delays will often occur, resulting in a frustration of the public interest. This court in *In Re City of Warwick,* 97 R.I. at 297–98, 197 A.2d at 289, assumed without deciding that we would, under appropriate circumstances, adopt the Connecticut rule which gives a court discretion to decide who should be joined when the identification of members of the class *whose rights* are so numerous, or service upon them would entail such difficulties as

would impose an unreasonable burden on the moving party. *See National Transportation Co. v. Toquet,* 123 Conn. 468, 196 A. 344 (1937).

■ In any event, this case, like *City of Warwick,* does not warrant "the exercise of that discretion since the classes to be affected consist only of a limited number of persons and there is nothing in the record indicating the unavailability of any of their members for service of process." 97 R.I. at 298, 197 A.2d at 289.

We note that we have not addressed the question of the validity of the zoning amendment or the other issues raised. We hold only that the court could not properly assert jurisdiction in this case because the affected property owner has not been joined as a defendant.

The defendants' appeal is sustained, the decree appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.