DECISION
The following motions are presently before the Court: Plaintiffs' Amended Motion for Summary Judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure; defendant Employees' Retirement System of the State of Rhode Island's Motion to Dismiss for Failure to Join Indispensable Parties pursuant to Rules 12(b)(7) and 19; and defendants Intervenors' Motion for Summary Judgment.
Plaintiffs, who are participants in the Employees' Retirement System of the State of Rhode Island, seek declaratory and injunctive relief against defendants for their alleged unconstitutional implementation and operation of the Retirement System. Plaintiffs initially filed a seven (7) count complaint alleging that defendants pay or paid, to certain individuals, retirement benefits which are significantly more generous than the benefits plaintiffs receive or received, that there exists no rational basis for said preferential payments, and that said payments violate the Fourteenth Amendment to the United States Constitution and Section 2 of Article I of the Rhode Island Constitution. Specifically, plaintiffs alleged that certain legislative bills, some private and some ostensibly generic, and certain unspecified administrative actions, allow or allowed favored individuals to purchase retirement credit at substantially less than full actuarial cost. Plaintiffs claimed that, as a consequence, the favored individuals bear a far smaller share of the actuarial burden of the benefits than do the unfavored participants in the Retirement System.
Shortly after plaintiffs filed this action, a number of individuals, both active and/or retired members of the Retirement System, petitioned to intervene in this action as party defendants pursuant to Rule 24(a) and (b) of the Superior Court Rules of Civil Procedure.
Said petition was granted on February 5, 1992. Following this, the originally named individual defendants in this case, Edward R. DiPrete, Anthony J. Solomon, Donald R. Hickey, and James M. Reilly, filed a motion to dismiss pursuant to R.C.P. 12(b)(6). After hearing the motions, the Court dismissed, without prejudice, Counts IV and V of plaintiffs' complaint, and dismissed, by consent of the parties, Count VII.
As noted above, plaintiffs seek both declaratory and injunctive relief in their complaint. Specifically, plaintiffs ask this Court to
 (b) Enter a declaratory judgment declaring all private laws conferring benefits on named individuals, all other laws, ostensibly generic, conferring benefits on small numbers of individuals and all administrative actions by the individual defendants, under color of law and in violation of 42 U.S.C. § 1983, conferring benefits on individuals or small numbers of individuals, significantly more generous, relation to the actuarial value of their contributions, than the benefits plaintiffs and other members of their class receive or expect to receive, and without any rational basis therefor:
 (i) deny plaintiffs and other members of their class the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution, Section 2 of Article I of the Rhode Island Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1985; and
 (ii) deprive plaintiffs and other members of their class of their property without due process of law in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1985;
 (c) Enter permanent injunctions against all defendants, their heirs, assigns, employees, agents and all others acting in active concern and participation with them from implementing any and all laws and administrative actions calling for the payment of benefits to individuals or small numbers of individuals, without any rational basis therefor, which are significantly more generous, in relation to the actuarial value of their contributions, than the benefits plaintiffs and other members of their class receive or expect to receive.
Section 9-30-11 of the R.I.G.L. 1956 (1985 Reenactment) provides that "[w]her declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Our Supreme Court has held that "this provision is mandatory and that failure to join all persons who have or claim an interest that would be affected by the declaration ordinarily is fatal to an action." Thompson v. Town Council of Town of Westerly,487 A.2d 498, 499 (R.I. 1985) (citing Langton v. Demers,423 A.2d 1149, 1150 (1980)). Such indispensable persons are:
 [T]hose whose interest could not be excluded from the terms or consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon, as where the interests of the absent party are inextricably tied in to the cause . . . or where the relief really is sought against the absent party alone. . . .
Anderson v. Anderson, 109 R.I. 204, 215, 283 A.2d 265, 271 (1971) (quoting Stevens v. Loomis, 334 F.2d 775, 777 (1st Cir. 1964)). Accordingly, our Supreme Court has held that the court is prevented from asserting jurisdiction in situations in which the judgment would not be bindings on all indispersable persons.Thompson, supra, at 499.
In Thompson, plaintiffs filed a complaint for declaratory relief demanding that the actions taker by defendant in granting a petition for a zoning change be declared illegal and that an injunction be issued enjoining the building inspector from issuing a permit allowing the property owner to build on the property. In response, defendant filed a motion to dismiss pursuant to 12(b)(7) of the Superior Court Rules of Civil Procedure because an indispensable party, namely the property owner, had not been joined as required by R.I.G.L. § 9-30-11. In granting the motion to dismiss, our Supreme Court held that the property owner possessed an interest that was affected by the contributions and that failure to join him in the action warranted its dismissal. Id. at 500.
Plaintiffs, in their objection to defendant ERSRI's 12(b)(7) motion to dismiss, argue that their claim is only against the state for "unconstitutional acts which result in the unequal distribution of pension benefits in relation to contributions without a rational basis and therefore; their claim is not a claim against individuals." (Plaintiffs Memorandum at 11). Plaintiffs further cite a number of cases in support of their argument that no individual pension benefit recipient need be named as defendant in this case. Specifically, plaintiffs rely onZobel v. Williams, 457 U.S. 55, 72 L.Ed.2d 672, 102 S.Ct. 2309 (1982), wherein although the State of Alaska and the Commissioner of Revenue were the only named defendants, the U.S. Supreme Court held that a state run mineral income distribution scheme, which favored long-term residents, violated equal protection. Plaintiffs also cite Allegheny Pittsburgh Coal Co. v. CountyCommissioner, 488 U.S. 336, 72 L.Ed.2d 688, 109 S.Ct. 633 (1989), which involved a group of landowners who challenged a tax-assessment system which assessed real property that had then been recently sold at an amount equal to the recent sales price, while real property that had not been recently sold continued to be assessed at its old value. The West Virginia Supreme Court ruled that the landowners should have sought to have the assessments of the other taxpayers raised to market value instead of seeking to have their assessments reduced. The U.S. Supreme Court reversed, holding that "Equal protection is not satisfied if a state does not itself remove the discrimination, but imposes on him against whom the discrimination has been directed the burden of seeking an upward revision of the taxes of other members of the class." U.S. at 346. Accordingly, the plaintiffs here could not sue those individuals who benefitted from the Tax Assessor's special treatment. Additionally, plaintiffs cite Kass v. RetirementBoard of the Employees' Retirement System, 567 A.2d 358 (R.I. 1989), in which the plaintiff, in attempting to have legislators' pensions revoked because they provided compensation in excess of the per diem amount prescribed by the Rhode Island Constitution, named only the State and the Retirement Board as defendants.
Plaintiffs' reliance on the above cited cases is misplaced. In the aforementioned cases, the constitutionality of a singular legislative enactment which affected a large number of individuals was questioned. Accordingly, the naming of each legislator as defendant in Kass would have been highly impractical, as the naming of every resident of Alaska as a defendant in Zobel would have been impossible. In Allegheny,
the suing of every individual who benefitted from the preferential treatment from that single legislative enactment would have placed the burden of removing said discrimination upon the people actually discriminated against. In the instant matter, plaintiffs would be correct in arguing that only the State and the Retirement Board are indispensable parties if each allegedly favored individual had purchased retirement credit pursuant to a single, generic bill.
The case at bar presents this Court with a different fact pattern. Here, each private bill passed allowed only one person to purchase retirement credits and each ostensibly generic bill enabled only a very small number of individuals to do so rendering this situation almost identical to Thompson. Therefore, before this Court could consider enjoining the payment of retirement benefits to any allegedly favored individual who purchased credits pursuant to the bills in question, that individual would have to be joined in this case as required by § 9-30-11. To rule otherwise "would defeat `one of the essential purposes of the [D]eclaratory [J]udgments [A]ct which, as stated in G.L. 1956, § 9-30-6, is to terminate the uncertainty or controversy giving rise to the proceeding.'"Thomas, supra, at 500. (quoting In Re City of Warwick,97 R.I. 294, 297, 197 A.2d 287, 288 (1964)).
Accordingly, for the foregoing reasons, Plaintiffs' Amended Motion for Summary Judgment must be and is hereby denied; defendant Intervenors' Motion for Summary Judgment is denied; and defendant ERSRI's Motion to Dismiss for Failure to Join Indispensable Parties is granted without prejudice.
Counsel shall submit an appropriate order for entry.