**Jean M. ABBATEMATTEO et al.**

v.

**STATE of Rhode Island et al.**

**No. 96–122–Appeal.**

Supreme Court of Rhode Island.

June 12, 1997.

Anthony F. DeMarco, Ralph J. Perrotta, and Mary E. Gooden, Providence, for Plaintiff.

Richard A. Skolnik, Robert S. Parker, John P. Gyorgy, Thomas A. Palombo, Providence, for Defendant.

Present: LEDERBERG, BOURCIER, and SHEA (ret.), JJ.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court on April 15, 1997, pursuant to an order directing the plaintiffs, Jean M.

Abbatematteo, Dolores Bresette, John Dimeo, and Maureen A. O'Connell, to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs appeal from a Superior Court order granting the defendants' motion to dismiss the complaint for failure to join indispensable parties.[1] The defendants in this matter are the State of Rhode Island and the Employees' Retirement System of the State of Rhode Island.[2] After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

The plaintiffs, participants in the Employees' Retirement System of the State of Rhode Island (retirement system), filed a complaint in Superior Court on November 4, 1991, seeking, inter alia, declaratory and injunctive relief against defendants for their alleged unconstitutional implementation and operation of the retirement system. The plaintiffs claimed that defendants paid to certain individuals retirement benefits "significantly more generous, in relation to the actuarial value of their contributions," than the benefits that plaintiffs and other members of the retirement system receive or expect to receive.[3]

On February 10, 1992, the Superior Court entered an order allowing certain active and retired members of the retirement system to intervene in the action as party defendants. Thereafter, both the intervenors and plaintiffs filed motions for summary judgment, and the trial justice denied the motions. The

Employees' Retirement System also filed a motion to dismiss the action for plaintiffs' failure to join indispensable parties. *See* Super.R.Civ.P. 12(b)(7). On October 23, 1995, the trial justice granted the retirement system's motion and entered judgment dismissing plaintiffs' complaint in regard to all defendants without prejudice.

On November 2, 1995, plaintiffs filed a motion to vacate the judgment. The trial justice treated the motion to vacate as a motion to amend the judgment pursuant to Rule 59(e) of the Superior Court Rules of Civil Procedure. On February 14, 1996, the trial justice entered an order denying the motion to amend and entered judgment dismissing plaintiffs' complaint without prejudice. On March 6, 1996, plaintiffs filed a notice of appeal.

■ We first observe that plaintiffs' appeal is untimely. Rule 4(a) of the Supreme Court Rules of Appellate Procedure requires a party to file his or her notice of appeal within twenty days of entry of judgment. In the instant case, plaintiffs filed their notice of appeal on March 6, 1996, twenty-one days after final judgment entered against them.[4]

■ The plaintiffs, however, contend that they did not know that judgment had entered. The Office of the Superior Court Clerk allegedly told plaintiffs as late as February 27, 1996, that no record of a final judgment was on file. The plaintiffs also assert that the judgment was date-stamped February 28, 1996, by the clerk.

■ It should be noted, however, that under Rule 58 of the Superior Court Rules of

---

1. The Employees' Retirement System of the State of Rhode Island filed the motion to dismiss the complaint for the plaintiffs' failure to join indispensable parties.

2. Edward R. DiPrete, Anthony J. Solomon, Donald R. Hickey, and James Reilly were also defendants named in the complaint as individuals separate from the Retirement System, but plaintiffs' complaint against them was dismissed early in the proceeding.

3. The plaintiffs claimed they filed suit on behalf of "the overwhelming majority of participants in the [r]etirement [s]ystem" but failed to have a representative class certified pursuant to Rule 23 of the Superior Court Rules of Civil Procedure.

4. We reject defendants' contention that plaintiffs' motion to vacate the judgment did not toll the time for filing the notice of appeal. The plaintiffs filed a motion to vacate within ten days of entry of judgment, and the motion was properly treated by the trial justice as a motion to amend the judgment under Rule 59(e) of the Superior Court Rules of Civil Procedure. As such, the time for filing an appeal commences to run from the entry of the order granting or denying the motion to amend judgment. Supreme Court Rules of Appellate Procedure 4(a)(3); *see Armand's Engineering, Inc. v. Town and Country Club, Inc.*, 113 R.I. 515, 518, 324 A.2d 334, 337 (1974).

Civil Procedure a date-stamp is not indicative of when a document is entered. Rather, the date-stamp merely stamps the time, month, day, and year a document is filed in the clerk's office. Pursuant to Rule 58(a), after a trial justice renders a decision denying relief, the clerk "shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court." Accordingly "[a] judgment is effective and shall be deemed entered when so set forth and signed by the Clerk." *Id.* In this case the judgment was signed and dated by the trial justice February 14, 1996. The signature of the clerk lies directly below the signature of the trial justice. Although the clerk's signature has no date written next to it, the docket sheet shows that judgment was entered on February 14, 1996. Hence plaintiffs' appeal is untimely.

■ Even if we assume that the appeal was timely, however, plaintiffs' complaint is fatally flawed for noncompliance with the statutory provisions of G.L.1956 chapter 30 of title 9, the Uniform Declaratory Judgments Act (the act). Section 9–30–11 of the act provides that when a party seeks declaratory relief, "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the [appeal]." This provision, we have held, is mandatory. Ordinarily "failure to join all persons who have an interest that would be affected by the declaration" is fatal. *Thompson v. Town Council of Westerly,* 487 A.2d 498, 499 (R.I.1985) (citing *Langton v. Demers,* 423 A.2d 1149, 1150 (R.I. 1980)); *In re City of Warwick,* 97 R.I. 294, 296, 197 A.2d 287, 288 (1964). The purpose of the act is "to facilitate the termination of controversies." 487 A.2d at 499. Consequently this court has held that when a judgment is not binding on all persons who have a direct interest in the dispute, the Superior Court should not assert jurisdiction. *Id.*

Likewise, Rule 19 of the Superior Court Rules of Civil Procedure advocates joining a party if in his or her absence complete relief cannot be accorded to those already made parties or if disposition of the matter would impair or impede the party's ability to protect his or her interest in the subject matter of the suit. This court has stated that the distinction between "indispensable" parties and "necessary" parties is as follows:

"[I]f there may be a viable judgment having separable affirmative consequences with respect to parties before the court, and the inquiry is concerned solely with the inequities, in the light of the total circumstances, resulting from the inability to affect absent interested parties, then such other parties should be defined as merely necessary, not indispensable." *Doreck v. Roderiques,* 120 R.I. 175, 180, 385 A.2d 1062, 1065 (1978) (quoting *Stevens v. Loomis,* 334 F.2d 775, 777 (1st Cir.1964)).

In the present case, plaintiffs specifically sought "declaratory and injunctive relief against all defendants." They requested that the court "declar[e] all private laws * * * all * * * ostensibly generic [laws] * * * and all administration actions * * * conferring benefits on individuals * * * [that are] significantly more generous * * * than the benefits plaintiffs and other[s] * * * expect to receive" void as against plaintiffs' federal and state constitutional rights. The plaintiffs sought to enjoin defendants from paying retirement benefits to individuals entitled to benefits if those individuals received disproportionately generous benefits in comparison with other members of the retirement system. Disposition of the action in plaintiffs' favor, therefore, would reduce or eliminate pension benefits for these "favored" members of the retirement system. As such the trial justice correctly ruled that these members were indispensable parties that should have been joined to the action.

It is important to note that the decision of the trial justice does not leave the plaintiffs without a remedy. The trial justice dismissed the action without prejudice, enabling the plaintiffs to refile their complaint to define the pension legislation sought to be challenged and the recipients likely to be affected by a reduction in benefits if the challenged legislation is subsequently held unconstitutional. It is only in such circumstances that a court can properly determine the rights and obligations of the parties to the action. The plaintiffs may also wish to seek certifica-

tion of a representative class of plaintiffs and defendants pursuant to Rule 23 of the Superior Court Rules of Civil Procedure.

For these reasons the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, C.J., and FLANDERS and GOLDBERG, JJ., did not participate.