DECISION
Defendant Town of Bristol ("Defendant Town") moves pursuant to Rule 13(h) to add Coastal Resources Management Council ("CRMC") as a co-defendant. Plaintiffs — the Hopeworth Community Association, the Mary Rose Sawicki Family Trust, Richard and Jane Silver, and Gary and Joyce Lincoln ("Plaintiffs") — object to this motion.
Plaintiffs' complaint for declaratory and injunctive relief lists seven counts involving the land between Lot 94 and Lot 1 of the Hopeworth Plat (56 Clipper Way, Bristol, Rhode Island 02809 and 1 Viking Drive, Bristol, RI 02809, respectively). Plaintiffs seek a declaration that this land is private and not a public right-of-way, as well as injunctive relief to bar the Town from marking and maintaining the plot as a public right-of-way. In its answer, Defendant Town maintains that following the CMRC Right of Way Subcommittee's recommendation and a public hearing, CRMC issued a decision on August 27, 1991, designating the land bounded by Lots 1 and 94 as a public right-of-way. It further claims that the CRMC progress report, amended in *Page 2 
June 1999, lists Clipper Way as a right-of-way in the Town of Bristol. Accordingly, Defendant Town counterclaims seeking a declaratory judgment that the land between Lots 1 and 94 is a public right-of-way and that Defendant Town has the right to improve that portion of land for public use and enjoyment in accordance with CRMC's "Letter of Permission."
Defendant Town now moves to add CRMC as a co-defendant. It contends that CRMC is an indispensable party to the within action because the counterclaim involves or concerns CRMC's designation of a public right-of-way. Plaintiffs respond that CRMC is not required as a party in this matter because Plaintiffs seek to enjoin only Defendant Town's activities, not CRMC. Additionally, they maintain that they seek a declaration only of the rights of Defendant Town, not of any other party. Accordingly, they assert that the Declaratory Judgments Act protects the rights of the CRMC because it states that "no declaration shall prejudice rights of persons not parties to the proceeding." Plaintiffs further aver that CRMC is not so inextricably tied into this litigation that its presence is necessary for a just adjudication. Lastly, Plaintiffs contend that their adverse use of the land supports the denial of Defendant Town's declaratory relief.
Although Defendant Town brought this motion as pursuant to 13(h), the Declaratory Judgments Act, G.L. 1956 § 9-30-1 et seq., in fact, governs the claim and counterclaims for relief as a result of the claims for declaratory relief. See G.L. 1956 § 9-30-1 (construing the scope of the Declaratory Judgments Act). This Act specifically states that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Sec. 9-30-11. Thus, the Rhode Island Supreme Court has found that "this provision is mandatory and that failure to join parties who have an interest which would be *Page 3 
affected by the declaration is ordinarily fatal." In re City ofWarwick,97 R.I. 294, 296, 197 A.2d 287, 288 (1964) (collecting cases);see also Sullivan v. Chafee,703 A.2d 748, 754 (R.I. 1997) (finding that all parties with "an actual and essential interest that would be affected by the declaration" must be a party to the action); Thompson v. Town of Westerly,487 A.2d 498, 499 (R.I. 1985) (noting that failure to join those who have an interest that would be affected by the outcome of the action is ordinarily fatal to an action).
In this declaratory action, the rights of the CRMC are affected because the declaratory judgment will involve its 1991 decision. The declaratory judgment will either find this CRMC decision to not pertain to this dispute and to be invalid, or to control in this case. Thus, CRMC is a necessary party to this case because any possible outcome of the action could so affect its interests. See Thompson,487 A.2d at 500 (finding that the owner of the property subject to dispute in a zoning case had an interest that is affected by the requested declaratory judgment and consequently failure to join him in the action warrants dismissal); see alsoAbbatematteo v. State, 694 A.2d 738, 740 (R.I. 1997) (holding that the failure to join retirees whose benefits would be reduced or eliminated as a result of a declaratory judgment about retirement benefits through the State Employees' Retirement System were indispensable to the action). Additionally, the Declaratory Judgments Act's provision protecting a non-party's interest does not cover the CRMC because a court cannot grant declaratory relief in this case without involving the CRMC's interests. See
Sec. 9-30-11 (stating that a non-party's interest will not be affected by a declaratory judgment, but also mandating that a party must be joined if a declaratory judgment would affect its interest). Accordingly, the counterclaim requires that CRMC be joined as a co-defendant. To rule otherwise, "would defeat `one of the essential purposes of the [D]eclaratory [J]udgments [A]ct . . . to terminate the uncertainty or controversy *Page 4 
giving rise to the proceeding.'" See Thompson,487 A.2d at 500 (alteration in original) (quoting In re City ofWarwick, 97 R.I. at 297, 197 A.2d at 288).
Rule 13(h), however, applies to joining the CRMC in the claim for injunctive relief. Rule 13(h) states: "[w]hen the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or a cross-claim, the court shall order them to be brought in as defendants as provided in these rules." The term "required" in this section is not read as synonymous with the Rule 19's "indispensable" parties. Robert B. Kent,et al., Rhode Island Civil and AppellateProcedure § 13:13 (West 2006). Thus, courts construe this section liberally to prevent multiple suits and to dismiss all claims arising from the same facts in one action. Id. Moreover, a court must refrain from finding a party "indispensable" because it must seek "to avoid a dismissal whenever possible." Anderson v.Anderson, 109 R.I. 204, 215, 283 A.2d 265, 271 (1971).
Despite the liberal interpretation of Rule 13(h) to avoid the dismissal of actions, CRMC is not a necessary party to the injunctive relief in this claim. Defendant Town's counterclaim which will involve the CRMC's interests seeks only declaratory relief. Furthermore, Plaintiffs are seeking injunctive relief only against Defendant Town from "cutting a swath" through the property, not against CRMC from designating the land a public right-of-way. As a result, no risk of a multiplicity of claims arising from the specific facts regarding the injunction exists because CRMC's actions are not involved in this claim for relief.
Accordingly, this Court grants Defendant Town's motion to join CRMC as a co-defendant in the claim for declaratory relief and denies Defendant Town's motion to join CRMC as a co-defendant in the injunctive relief claim. Counsel shall submit an appropriate order for entry.